CLAY et al. v. DESKINS et al.

(Circuit Court of Appeals, Fourth Circuit.    October 2, 1894.)

No. 75.

RES JUDICATA—IDENTITY OF ISSUES.

Where, in a suit to set aside a sale of lands as in fraud of the rights of complainants therein, who claim the land under a prior contract of purchase, a state court decides that they have lost all rights under their contract, and hence cannot attack the sale, such decision is conclusive of complainants' rights in a subsequent suit by them in a federal court against the same defendants to recover, on the strength of the same contract of purchase, the profits made by the vendee in the fraudulent sale on a resale of the land.

Appeal from the Circuit Court of the United States for the District of West Virginia.

This was a bill by Samuel Clay, Jr., and George W. Headley, against L. S. Deskins, W. H. Deskins, Stuart Wood, William Blackham, and Annie Blackham, his wife, to recover the profits on the sale of certain land by W. H. Deskins to defendant Wood. A demurrer to the bill was sustained, and complainants appeal. Affirmed.

Clay and Headley, the appellants in this case, on 25th May, 1888, entered into a contract with L. S. Deskins and William Blackham for the purchase of a tract of land in West Virginia of some 5,000 acres. By the terms of the contract, the price of the land was to be $3 per acre, of which the sum of $230 was to be paid, and was paid in cash, the remainder within 10 months from date, at which time, and on receipt of the money, a deed of the land would be executed by the vendors. At the date of this contract, there was pending in Logan county, W. Va., a suit in chancery against L. S. Deskins, one of the contracting vendors,—a creditors' bill, Patton Bros. v. L. S. Deskins and others,—seeking, among other things, the enforcement of a judgment against him for some $262.57, and a decree had been entered thereon 6th October, 1886, and an order for sale of these lands contracted to be sold for the satisfaction of the decree. Owing to the absence and inability of the commissioner appointed to conduct the sale, and some delay in appointing a substitute, the sale did not take place until 1st April, 1889. On that day, H. K. Shumate, duly appointed commissioner, offered the lands at public auction, and they were bid in by W. H. Deskins, at the sum of $10,000. Shortly afterwards, owing to a higher offer by another person, the bid was raised to $15,-000. At that price the land was conveyed by Shumate, the commissioner, to W. H. Deskins, and the sale was confirmed by the court. Thereupon, Samuel Clay and George W. Headley, who are now the appellants in this case, instituted proceedings by way of bill in equity in Logan county, W. Va., against Shumate, the commissioner, who made the sale, L. S. Deskins, and William Blackham, who had made the contract of sale, and W. H. Deskins, the purchaser at the sale, and Stuart Wood, who had contracted to buy the land from W. H. Deskins. The bill charged that the sale was fraudulent and void as against the complainants, and that it infringed against, and was an attempt to destroy, the rights acquired by them on the contract. This contract they set out in the first paragraph of the bill, and claim and rely on it as the foundation of their right of action. The circuit court of Logan county, after full hearing, sustained the allegations of the bill, set aside the sale as fraudulent and void, and declared that the complainants were entitled to the relief prayed for in the bill. A part of this relief, and as a consequence of setting aside the sale, was that L. S. Deskins and William Blackham, upon receipt of the remainder of the purchase money under the contract, would be compelled to make to the complainants a proper deed of conveyance of these lands. The cause was carried into the supreme court of West Virginia by appeal on the

part of the defendants, and that court, at January term, 1892, reversed the decision of the lower court and dismissed the bill. 15 S. E. 85. The supreme court, in its opinion, held that the bill was really for the specific performance of the contract, and that, unless the complainants could establish their right to such relief, they had no standing in court to complain of the fraud in the sale. The same complainants, on 17th December, 1892, filed their bill of complaint in the circuit court of the United States for the district of West Virginia against L. S. Deskins, W. H. Deskins, Stuart Wood, and William Blackham and wife, as defendants. This bill sets out the contract of sale of 25th May, 1888, between them and L. S. Deskins and William Blackham for these 5,000 acres of land, the pending suit of Patton Bros. v. L. S. Deskins and others, the sale under this last-named suit, the proceedings in the circuit court of Logan county to set aside the sale, and the decree of that court setting it aside. It then avers that the only question made in that suit was the validity of the sale, the question of specific performance of the contract not being in issue, and therefore not adjudicated; but that, at the hearing of the appeal, the supreme court of West Virginia rest the decision wholly on the question of specific performance, and on this issue reverse the decree below; and, for this reason, that the decree did not adjudicate the rights of the parties, and is simply obiter dictum. The bill then sets up the rights of the complainants under the contract, which they claim is an absolute deed of conveyance; denies all notice of the pendency of the Patton Bros. suit, constructive or actual; and denies any laches on their part. They charge that the sale to W. H. Deskins by Shumate, commissioner, was fraudulent and void as to them. They then allege that W. H. Deskins has sold this land to Stuart Wood at the large advance on his original purchase of $7,240, and claim that, inasmuch as the lands were really their property, they are entitled to this advance on the price, and that, as Wood has not yet paid all that he had contracted to pay, to an amount exceeding this $7,240, he be decreed to pay this sum to the complainants. The defendants demurred to the bill. The circuit court sustained the demurrer, upon the ground that the rights of the complainants had already been adjudicated in the supreme court of West Virginia,—a court of competent jurisdiction. To this decision the appellants excepted, and have filed their assignments of error.

Z. T. Vinson, for appellants.

C. C. Watts, for appellees.

Before SIMONTON, Circuit Judge, and JACKSON and HUGHES, District Judges.

SIMONTON, Circuit Judge (after stating the facts). It will be noted that the complainants in the bill in the circuit court of Logan county, W. Va., are the same persons who are complainants in the circuit court of the United States for the district of West Virginia, and the defendants to both suits are the persons who have, or claim to have, an interest in the land the subject-matter of both suits. In the proceeding instituted and completed in the state courts of West Virginia to set aside the sale to W. H. Deskins, the only ground upon which the complainants could sustain their right to complain was that they had a valid contract of sale, which clothed them with the equitable interest in the property; and this was recognized by the supreme court of West Virginia. Before that court would discuss the question of fraud in the sale, it inquired into the right of the complainants to raise the question; in other words, had they locus standi in court? So, also, the case in the circuit court of the United States depends upon the decision of the same question. The complainants demand the net proceeds,—the profit made upon the sale of these lands to Stuart Wood. They cannot be entitled to these

net proceeds unless they are or were the equitable owners of these lands. They could only become the equitable owners by virtue of a valid contract of sale of the lands to them. The supreme court of West Virginia, in a cause between the same parties, relating to the same subject-matter as the suit in the circuit court, has determined that these complainants have lost all rights they may have had under the contract of sale, and that they did not have such an interest in these lands at the date of the sale by the commissioner, Shumate, to W. H. Deskins, as would authorize them to question in a court of equity the validity of the sale. This question is therefore res judicata. If they could not question the validity of the sale to W. H. Deskins, a fortiori they can have no right or title to any profit he may have made in the resale of these lands. The case in the state courts of West Virginia [1] and that in the circuit court of the United States for the district of West Virginia [2] were between the same parties, each dependent upon the same question; that is, did complainants have an equitable interest in these lands under the contract of sale?

The appellants, with much earnestness, insist that this decision of the supreme court of West Virginia was obiter dictum; that the only issue presented to that court was the fraud in the sale to W. H. Deskins; and that the exceptions brought up this issue only. The record disclosed that the complainants in that case (the appellants here) set out and relied upon their right to a specific performance of the contract as ground for locus standi in court, giving them a right to complain of the fraud, and that right was first discussed and denied by the court. The supreme court of West Virginia then take up and discuss the question of fraud, and announce their conclusion that the charge was unfounded. This being so, W. H. Deskins held under a valid sale, and obtained a valid title in fee simple; and the claim of the appellants that he purchased for them, or that they have an equitable interest in the proceeds of a sale made by him, and a consequent interest in the profit made by him in such sale, falls to the ground. The decision of the case in the state courts of West Virginia made the matter res judicata. Aurora City v. West, 7 Wall., at page 96. Where the parties are the same, the legal effect of the former judgment is not impaired because the subject of the second suit is different, provided the second suit involves the same title and depends on the same question. Steam Packet Co. v. Sickles, 24 How. 333, 341; Stockton v. Ford, 18 How. 418; Franklin Co. v. German Sav. Bank, 142 U. S. 93, 12 Sup. Ct. 147. The decree of the circuit court is affirmed, with costs.

[1] Clay v. Deskins, 15 S. E. 85.                    [2] No opinion.