## McALEER et al. v. LEWIS et al.

(Circuit Court, D. Washington, N. D. June 17, 1896.)

1. EQUITY PLEADING—PLEA IN BAR—REPLICATION.
   By filing a replication to a plea of res judicata, the complainants admit the sufficiency of the plea, and it is contrary to equity practice to permit that question to be raised at the final hearing.

2. RES JUDICATA.
   Where the parties are identical, the property in controversy the same, and the complainants claim it in the same right as in the prior suit, the prior adjudication is conclusive, not only as to all matters actually brought to the attention of the court, and considered, but also as to all matters which might have been presented and considered.

This was a suit in equity by Patrick McAleer, Susan McIntyre, Ellen McSorley, H. J. McSorley, Mary E. Golay, and Cathrine J. Harn against William H. Lewis, administrator with the will annexed of the estate of W. C. Hill, deceased, and Alice S. Hill, widow of said W. C. Hill.

P. P. Carroll, for complainants.

Roger S. Greene, for defendants.

HANFORD, District Judge. By this suit the complainants seek to litigate again the very same questions and claim to property which were fully tried upon the merits, and adjudicated, in the cases of McSorley v. Hill (Wash.) 27 Pac. 552, and McAleer v. Hill, Id. 557. The defendant Lewis, as administrator with the will annexed of the estate of W. C. Hill, deceased, is the successor in interest of the W. C. Hill who was originally a party to the several cases above mentioned; so that the parties are identical. The property in controversy is the same, and the complainants in this suit are claiming said property in the same right. The superior court of the state which tried the cases had complete jurisdiction of the subject-matter and of the parties; and, after a full hearing, it rendered a final judgment on the merits, adverse to the complainants; and the supreme court of the state has affirmed the judgments, and appeals to the supreme court of the United States have been dismissed, and the litigation in the courts of the state and the supreme court of the United States has ended, and a complete final record has been made. The defendants, by a plea in bar, have set forth the former adjudication and the record. Said plea and other defenses interposed have been met by a general replication, and the case has been submitted upon the pleadings and proofs. By the evidence, it is fully established that the plea is true in every particular, and the only way in which counsel for the complainants, upon the hearing, have sought to avoid the plea, is by questioning its sufficiency, and by claiming that in their bill of complaint, filed in this court, and the evidence submitted, the right and interest of the complainants is shown with greater fullness and accuracy than in the pleadings and evidence presented to the state court. The only questions which the court is asked to consider are whether the plea is sufficient, and whether the complainants, after being defeated, may, in a new suit, reform the issues, and strengthen their position by marshaling the evidence anew, and adding thereto a few additional items.

By their replication, the complainants have admitted the sufficiency of the plea; and it is contrary to equity practice to permit the first question to be raised at the final hearing. I have, however, notwithstanding the rule, examined the plea with care; and I find it to be so nearly perfect that I entertain no doubt whatever but what I should have held it to be sufficient if the plea had been regularly set down for argument.

As to the second question, it is sufficient to say that the former adjudication is conclusive, not only as to all matters which were actually brought to the attention of the court, and considered, but also as to all matters which might have been so presented and considered if the complainants had been diligent in making a full presentation of their case, as they should have been. 1 Herm. Estop. §§ 237B, 239. Upon elementary principles, the court must find that the complainants are estopped by the judgments against them, now of record in the courts of this state; and it is unnecessary to consider the other defenses relied upon.

Let there be a decree dismissing the suit.