MacVEAGH v. DENVER CITY WATERWORKS CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    December 27, 1897.)

No. 952.

1. EQUITY—PLEADING.
    When a demurrer to a plea in chancery is overruled, the complainant should be given leave to reply.

2. PLEADING—DUPLICITY.
    A plea averring that the stock in controversy is not the property of plaintiff, that the real party in interest is a citizen of the same state as defendant, and that said suit was brought in the name of defendant solely for the purpose of conferring jurisdiction upon the United States courts, is not bad for duplicity.

Appeal from the Circuit Court of the United States for the District of Colorado.

This was a bill by Wayne MacVeagh against the Denver City Waterworks Company and others.    The circuit court overruled a demurrer to the plea, and refused leave to reply.    Plaintiff appeals. Among other averments, the plea avers as follows:

"Said suit is brought in the name of the said Wayne MacVeagh as a resident of the state of Pennsylvania, collusively, for the purpose of affording to the United States courts jurisdiction over the subject-matter of this controversy; that the shares of stock alleged in the said bill to belong to said MacVeagh are not now, nor have been since the filing of said bill, the property of the said MacVeagh, but belong to and are the property of the United Waterworks Company, Limited, which is a corporation organized and existing under and by virtue of the laws of the state of New York, and is a citizen of the state of New York.    And these defendants aver that the said the United Waterworks Company, Limited, could not bring this bill in the United States court for the circuit of Colorado in its own name because it is a citizen of the same state with the defendants the Central Trust Company and the Farmers' Loan & Trust Company, which are corporations duly organized and existing under and by virtue of the laws of the state of New York, and are citizens of the state of New York, and who are the mortgagees mentioned in the said bill of complaint, and are necessary and indispensable parties defendant in the said suit, and for a proper determination thereof; that the said suit was brought in the name of the said Wayne MacVeagh solely for the purpose of giving jurisdiction to this court, the said MacVeagh being a resident and citizen of a different state from any of the defendants in the said suit."

Caldwell Yeaman and Frank Edw. Gove, for appellant.

Edward O. Wolcott, Joel F. Vaile, and Charles W. Waterman, for appellees.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

PER CURIAM. The circuit court overruled a demurrer to a plea in chancery, and dismissed the bill of complaint, denying the complainant leave to reply to the plea. Thereupon the complainant below appealed. It is conceded by the appellees that the court erred in refusing leave to reply to the plea, and that the decree must be reversed for that reason, on the authority of Zimmerman v. So-Relle (recently decided by this court) 49 U. S. App. 387, 25 C. C. A. 518, and 80 Fed. 417, as well as on the authority of U. S. v. Dalles Military Road Co., 140 U. S. 599, 616, 11 Sup. Ct. 988. The point is further made by the appellant that the circuit court erred in adjudging the plea sufficient, the contention on the part of the appellant being that the plea was bad for duplicity. Touching this latter contention, it is only necessary to say that, as we construe the plea, it only interposed a single defense to the bill, namely, that the complainant could not maintain the suit, for the reason that certain stock which he claimed to own, and on account of which he sued, did not in fact belong to him, but had been issued in his name merely for the purpose of enabling him to maintain an action in the federal court, which the real owner of the stock could not maintain by virtue of his being a citizen of the state of New York, of which state certain necessary defendants are also citizens. In other words, the plea, taken as a whole, shows collusion between the complainant and the real owner of the stock, for whose benefit the suit is brought, to confer jurisdiction on the federal courts. The plea, therefore, was not bad for duplicity. For the reason first stated, the decree is reversed, and the case is remanded to the court below, with directions to allow the complainant to reply to the plea.