MacVEAGH v. DENVER CITY WATER-WORKS CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1901.)

No. 1,476.

RIGHT TO MAINTAIN SUIT—ISSUE AS TO COMPLAINANT'S OWNERSHIP OF COR-
PORATE STOCK.

On an issue as to complainant's ownership of corporate stock, on which
his right to maintain suit depended, a letter was produced, in which, re-
ferring to the stock in question, he stated that he did not recall the
terms of a transfer thereof made to a gentleman of Boston, and that
no doubt the person referred to, whom he named, would cheerfully show
the transfer he executed; and if it gave, or the law gave, the purchaser
the right to use his name as legal plaintiff, he had such right, and other-
wise not, "as I have no interest whatever in the stock, and have not had
since the date of the transfer." Besides, complainant testified that he
could only say just what he said in the letter; that he had no interest
in the stock whatever, but that, if counsel of the then owner needed the
use of his name as legal plaintiff, and would protect him from any respon-
sibility for the costs of litigation, he had no objection to its use; and
that he knew nothing about the institution of the suit except what was
stated in the letters in evidence. There was other testimony to the
same effect. *Held*, that it was obvious that he was not the owner of the
stock, and that he sustained no trust relation to the owners thereof enti-
tling him to sue in his own name for their benefit.

Appeal from the Circuit Court of the United States for the District
of Colorado.

Caldwell Yeaman (Frank E. Gove, on the brief), for appellant.

Joel F. Vaile (Edward O. Wolcott and Charles W. Waterman, on
the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This suit was commenced on the 30th
of September, 1893, in the United States circuit court for the district
of Colorado, in the name of Wayne MacVeagh, a citizen of Pennsyl-
vania, as complainant, against the Denver City Water-Works Com-
pany, a corporation organized and existing under the laws of the
state of Colorado; the American Water Works, a corporation duly
organized and existing under the laws of New Jersey; the Central
Trust Company, a corporation organized and existing under the laws
of the state of New York; the Farmers' Loan & Trust Company, a
corporation organized under the laws of New York; Dennis Sullivan,
and Dennis Sullivan, receiver, a citizen of the state of Colorado.
The bill alleges that the complainant is the owner of 570 shares of
the capital stock of the Denver Water Company, and seeks an ac-
counting and relief to the extent of the value of the stock, for reasons
which need not be stated. To this bill of complaint the defendants
interposed a plea to the effect following: That the complainant was
not, at the time of the institution of this suit, an owner of any of the
stock of the Denver Water Company, and had no interest, legal or
equitable, in any of the stock at that time or since; and that the suit
was collusively brought in complainant's name because the United
Water-Works Company, a citizen of the state of New York, the owner
of the stock claimed by complainant, at the time of the commence-

ment of this suit could not maintain the same in the circuit court of the United States because it was and is a citizen of the same state as some of the defendants. This plea was held to be sufficient in form and substance by this court in MacVeagh v. Waterworks Co., 29 C. C. A. 33, 85 Fed. 74. The complainant replied to the plea, and testimony was taken, and on final hearing the lower court dismissed the bill, and thereupon the complainant brought the case to this court by appeal.

The testimony of the complainant himself fully supports the plea, and justifies the action of the lower court in dismissing the bill. In one of his letters, Mr. MacVeagh says:

"It is impossible to answer by cable, as I do not recall the terms of the transfer I made to a gentleman of Boston of my stock in the Denver Water Company stock, which you will recall I vainly strove to induce you to buy, and, failing you, tried to get Mrs. Archer, of Reading, to take it. Failing both, I sold it through, if I remember rightly, Mr. Clark, of Root & Clark, the lawyers representing the purchaser, whose name I am unable to recall. * * * No doubt Mr. Clark will cheerfully show your counsel the transfer I executed. If it gives, or the law gives, the purchaser the right to use my name as legal plaintiff, he has such right; otherwise not, as I have no interest whatever in the stock, and have not had since the date of the transfer. And I have, of course, given no authority to Mr. Venner to use my name on any occasion."

And in his testimony Mr. MacVeagh says:

"I can only say just what I did say in the letter,—that I had no interest in the stock whatever, but that, if counsel of the then owner of the stock needed the use of my name as legal plaintiff, and would protect me from any responsibility for the costs of the litigation, that I had no objection to the use of it. * * * I know nothing about the institution of this suit, except what I have stated in the letters in evidence."

There is other testimony to the same effect. It is perfectly obvious that Mr. MacVeagh had not, when this suit was begun, and has not now, any legal or equitable interest in the stock which is the subject-matter of the suit, and concerning which relief is sought; and sustains no trust relation to the legal or equitable owners of the stock which would entitle him to maintain the suit in his own name for their benefit. The decree of the circuit court dismissing the bill is affirmed.