### GUNNING SYSTEM v. CITY OF BUFFALO et al.

(Circuit Court, W. D. New York. May 1, 1907.)

(No. 283, Equity.)

1. JUDGMENT—JUDGMENTS OPERATIVE AS BAR—STATE COURTS AND FEDERAL COURTS.

It is the rule of the federal courts to give a prior decision of a state court, where the parties and the cause of action were the same as in a case before it, the same force and effect as a prior adjudication as would be given it by the courts of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1504–1509.

Conclusiveness of judgments as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478, and Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. SAME—IDENTITY OF QUESTIONS INVOLVED.

Where an ordinance of the city of Buffalo, prohibiting the erection or maintenance of fences or billboards more than seven feet in height, and directing the abatement of any structure erected in violation of its provisions by the fire department as a common nuisance, was sustained by a state court in an action against the city as a reasonable and valid exercise of the police powers conferred on the city by statute, such question is res judicata as between the parties, and the judgment on the merits in such action is a bar to a subsequent suit, by the same plaintiff, against the city in a federal court to restrain the enforcement of such ordinances, in so far as the structures involved in the two suits are of the same character.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1244–1246.]

In Equity. On plea to amended bill.

William B. Hoyt and Charles L. Feldman, for complainant.
Louis E. Desbecker, for defendants.

HAZEL, District Judge. This is a suit in equity to restrain the city of Buffalo and its board of fire commissioners from removing or cutting down certain so-called bulletin boards or advertising signs, which

at different times had been constructed upon private lands leased by the orator, and to adjudge null and void section 48 of chapter 4 of the Ordinances of the city of Buffalo. Such ordinance, enacted pursuant to the charter of the city of Buffalo (Laws 1891, p. 136, c. 105, § .17), reads as follows:

"Sec. 48. No person shall hereafter erect any fence or billboard more than seven feet in height, within the city of Buffalo, without permission of the common council; and any fence or billboard erected contrary to the provisions thereof shall be abated as a common nuisance by any officer of the fire department after two days' notice to remove the same."

The defendants have interposed a plea in bar, and claim that in a former suit between the parties the constitutionality of the ordinance in controversy was upheld by the Supreme Court of the state of New York, and the objectionable structures were included within the provisions of the local statute. Gunning System v. City of Buffalo et al., affirmed 75 App. Div. 31, 77 N. Y. Supp. 987. See, also, Whitmier & Filbrick Co. v. City of Buffalo (C. C.) 118 Fed. 773. The rule in this court, where the parties and the cause of action are the same, is to give the decision of the state court the same force and effect as would be given to it by the courts of the state in which the decision was rendered. Christmas v. Russell, 5 Wall. 290, 18 L. Ed. 475; Caujolle v. Curtiss, 13 Wall. 465, 20 L. Ed. 507; De Chambrun v. Campbell (C. C.) 54 Fed. 231; Clay v. Deskins et al., 63 Fed. 330, 11 C. C. A. 229.

The only question appearing in the record for determination is whether in the former action there was litigated the subject-matter now in dispute, or, if it was not directly litigated and determined, whether the matters in issue here were not fairly included therein. The issues raised in the former action in the state court were tried upon their merits. The judgment rendered declared that upon the evidence the structures were common nuisances, and also upon the authority of City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659, that the right of removal under the ordinance was a reasonable police regulation in the interest of the welfare of the community, irrespective of the proof of actual nuisance "or probability of injury resulting therefrom." In the case cited, the Court of Appeals, speaking of a similar statute authorizing the regulation of billposting and the terms upon which a license to maintain billboards might be granted, says:

"We think this statute conferred upon the common council of the city authority to regulate boards erected for the purpose of billposting, so far, at least, as such regulation was necessary to the safety or welfare of the inhabitants of the city, or persons passing along its streets. That is precisely what the ordinance in question was intended to accomplish. To regulate is to govern by, or subject to, certain rules or restrictions. It implies a power of restriction and restraint, not only as to the manner of conducting a specified business, but also as to the erection in or upon which the business is to be conducted."

And commenting upon the height and dimensions of billboards, the court says:

"If the defendant's authority to erect billboards was wholly unlimited as to height and dimensions, they might readily become a constant and continu-

ing danger to the lives and persons of those who should pass along the street in proximity to them. That the Legislature had power to pass a statute authorizing the city to adopt an ordinance which, if enforced, would obviate that danger, we have no doubt. Nor was it in conflict with any provision of the state or federal Constitution."

Authorities abound that when a statute is enacted by the Legislature of a state to protect the community, or authorizing a municipality to promulgate under its charter an ordinance which is not unreasonable, both such statute and ordinance are not infringements upon the rights of the citizen, but must be upheld and sustained in the interest of the people at large, irrespective of whether injury has resulted by the act or thing which the statute is designed to prohibit. City of Rochester v. West, supra.

As already stated, in the former action it was decided, not only that the enactment of the ordinance was authorized and should be enforced, but, also, that the structures, which were more than seven feet high, were, in fact, common nuisances under the ordinance under consideration. This sufficiently appears from the record in the previous action. It is true that, in the opinion of Justice Kruse, language is found from which it might be inferred that his conclusions were based upon the evidence showing that the advertising signs were unsightly, noisome, harmful, and a menace to adjacent property, but the pleadings distinctly indicate that the question of the validity of the ordinance was litigated, and the findings of the court, which are controlling (Stone v. United States, 164 U. S. 380, 17 Sup. Ct. 71, 41 L. Ed. 477), plainly determine that the ordinance in question is a reasonable police regulation in the interest of the general welfare of the community. That such a determination was actually intended is clearly perceivable from the opinion of the court, to which resort may be had for the purpose of showing that such question was litigated and decided. Burt v. Smith, 203 U. S. 134, 27 Sup. Ct. 37, 51 L. Ed. 121. The conclusion was subsequently approved, on appeal, to the Appellate Division of the Supreme Court. Assuming, therefore, that the former judgment or decree determined the precise subject-matter presented by the plea, I am of the opinion that the doctrine of res adjudicata as to the questions involved in this action must apply. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Southern Pacific R. Co. v. United States, 168 U. S. 48, 18 Sup. Ct. 18, 42 L. Ed. 355; McAleer v. Lewis (C. C.) 75 Fed. 734. The right of the municipality to regulate within the police power would seem to be paramount, and includes the right to promulgate reasonable rules for the welfare of the general public. Chicago v. Gunning System, 214 Ill. 628, 73 N. E. 1035, 70 L. R. A. 230.

Inasmuch as the bill asserts that the bulletin boards are not billboards, that they are differently constructed, that they are not nuisances or a menace to persons or property, I think the complainant should have leave to file a replication to the plea. Foster's Federal Pr. § 141; United States v. Dalles Military Rd. Co., 140 U. S. 616, 11 Sup. Ct. 988, 35 L. Ed. 560; Horn v. Detroit Dry Dock Co., 150 U. S. 610, 14 Sup. Ct. 214, 37 L. Ed. 1199; McVeagh v. Waterworks Co., 85 Fed. 74, 29 C. C. A. 33. The defendants are saved the "bene-

fit of the plea to the hearing." Pearce v. Rice, 142 U. S. 28, 12 Sup. Ct. 130, 35 L. Ed. 925.

The plea is accordingly sustained, with leave to the complainant to file a replication thereto.