[No. 8967.  Department Two. — June 23, 1885.]

HARRIET McGREGOR, ADMINISTRATRIX, ETC., OF JOHN McGREGOR, DECEASED, APPELLANT, v. P. J. DONELLY, RESPONDENT.

SWAMP LANDS — AGREEMENT TO PURCHASE FOR BENEFIT OF ANOTHER — CERTIFICATE OF PURCHASE. — An agreement to acquire swamp and overflowed lands from the State, for the use and benefit of a person other than the applicant, is void under the Act of April 27, 1863. The parties to such an agreement are *in pari delicto*, and after the certificate of purchase has come into the possession of the party for whose benefit the application to purchase was made, the applicant cannot maintain an action to compel its specific delivery to him.

ESTATE OF DECEDENT — ACTION BY PERSONAL REPRESENTATIVE — DEFENDANT MAY TESTIFY. — In an action by the personal representative of a deceased person to enforce a demand due the estate of the decedent, the defendant is a competent witness as to transactions between himself and the decedent.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. D. H. Chamberlin*, and *James Hanna*, for Appellant.

*S. M. Buck*, and *Cope & Boyd*, for Respondent.

THORNTON, J. — In this case the evidence shows, and it is substantially found, that by an arrangement made between John McGregor, plaintiff's testator, and H. S. Soule, the former made an affidavit and application for the purchase from the State of certain swamp and overflowed lands, lying in the county of Humboldt, for the use and benefit of the latter. Soule was to pay the cost and expense attendant on the application to purchase, and such cost and expense were either paid by him, or by Ryan claiming under him. To state the facts more particularly, Soule paid the county surveyor all his fees, charges, and expenses for surveying, platting, and making the field notes of the land covered by the application. He paid the twenty per cent of the purchase price of the lands and the first year's interest on the remainder of the price. At this stage in the proceeding to purchase, Soule substituted Ryan in his place, and Ryan after this paid whatever expense was necessary up to the procurement of the certificate of purchase. The application was made under the Act of April 27, 1863 (see Stats. 1863, p. 591),

on the 20th of March, 1865, and the certificate of purchase was issued on the 19th of January, 1866. McGregor died testate on the 12th day of September, 1865. The certificate, after its issuance, got into the hands of Ryan, who delivered it to defendant, to whom, after the certificate was issued, Ryan sold and conveyed the land involved herein. The certificate was in possession of defendant when this action was brought.

The plaintiff, the administratrix with the will annexed of John McGregor, brings this action, which is an action in equity, to compel the specific delivery by defendant of the certificate of purchase to her.

The action here is brought to recover the result or fruit of the arrangement or contract made between plaintiff's testator and Soule. Ryan and defendant claim under this arrangement and are in privity with Soule. Ryan took Soule's place, and defendant Donelly took the place of Ryan. It is contended on behalf of defendant that this contract was illegal in its inception, and, therefore, that plaintiff cannot recover the certificate which was issued upon it. We are of opinion that the contention of the respondent is sound.

The contract within the rule laid down in *Churchill* v. *Anderson*, 56 Cal. 56, which we approve, is violative of the statute by authority of which the purchase in this case was attempted to be made, and therefore void. In the case cited as in this, the proceeding to purchase was under the Act of 1863 above referred to. The case cited was in regard to an application to purchase lieu lands, and in that respect it differs from this; but the provisions of the Act of 1863, referred to in the opinion in *Churchill* v. *Anderson*, on which the conclusion is there reached, apply alike to the swamp and overflowed lands involved herein.

We are of opinion that the intent of the Act of 1863 manifested by the provisions referred to in the case in 56th California, was plainly that the application and purchase authorized by it was to be for the benefit of the applicant himself; that this was distinctly the policy of the act, a policy adopted to prevent the acquisition of large tracts of land by one person through the use of other persons.

The affidavit made in this case as required by the statute, states that the applicant has not entered under the provisions of

any law of this State providing for the sale of swamp and overflowed lands, any other land which, with the land sought to be purchased, shall exceed 640 acres.

· If such evasion of the statute as is attempted in this case should be allowed, it would be a very easy matter for one who had acquired under the laws above mentioned 640 acres, and therefore could not take the oath prescribed by the employment of others who could take the oath, to acquire for himself, in manifest disregard of the intent and policy of the act, many times 640 acres.

It is contended that the plaintiff should recover because she does not rely on the illegal contract for a recovery herein. We cannot so understand the pretention of plaintiff. It is true, an attempt is made to eliminate from the transaction the contract altogether, by relying on that portion which McGregor could lawfully do if acting for himself, and rejecting everything as to the agreement with Soule. But the contract was entire, and, as was said by Selden, J., in *Tracy* v. *Talmage*, 14 N. Y. 191, 67 Am. Dec. 132, " it is contrary to all the rules which have been applied to illegal contracts to discriminate between their different parts, and hold one portion valid and the other void."

Reliance is placed in this case by plaintiff on the affidavit and application of McGregor, the fact that all the proceedings were taken in his name to effect the purchase, and the further fact that the certificate of purchase was issued in his name. But every step taken was taken in pursuance of the agreement made between McGregor and Soule. *Non constat,* that the affidavit and application would ever have been made if this agreement had not been entered into. McGregor did not wish to purchase. In fact he did not purchase. He paid nothing, and never intended to pay anything. He was a mere *dumb, passive instrument* in the hands of Soule to accomplish a purpose forbidden by law. McGregor assisted Soule in this illegal purpose in every way Soule desired his assistance. By their joint acts, each and all of which were illegal, a result forbidden by law was accomplished. Neither McGregor nor plaintiff claiming under him should derive any benefit from it. All of the parties concerned are *in pari delicto,* and neither in our opinion should be allowed to recover. (See *Biggs* v. *Lawrence,* 3 Term Rep. 454; *Clugas*

v. *Penaluna,* 4 Term Rep. 466; *Waymell* v. *Reed,* 5 Term Rep. 599.)

We make this remark in relation to defendant's claims set up in his cross-complaint, which we have fully examined. Neither at law nor in equity should either be permitted to recover.

But it is said the evidence showing the illegality of the contract came from Soule and Ryan, who were incompetent witnesses, and their evidence inadmissible under section 1880 of the Code of Civil Procedure. The action of plaintiff is not one against an executor or administrator upon a claim or demand against an estate of a deceased person. It is an action brought to recover something claimed to belong to the estate against a third person, brought by the administratrix to enforce a demand by the estate. Under such circumstances we see no reason why Soule and Ryan were not competent witnesses and their testimony admissible. The parties are *in pari delicto,* neither can recover, and in such case the law leaves the parties as they were.

These views dispose of the case, and it is unnecessary to say anything upon the other points discussed by counsel.

The judgment and order are reversed and the cause remanded with a direction to the court below to dismiss the action, each party to pay his own costs in that court.

SHARPSTEIN, J., and MYRICK, J., concurred.