## LYDIA C. BIDDLE v. E. C. ADAMS, JR.
### No. 104.

1. MORTGAGE — *on land held under homestead laws, given before final proof, void.* A mortgage given upon a piece of land prior to the making of a final proof by a person occupying the same under the homestead laws of the United States, is void.

2. EVIDENCE EXAMINED, — *held proper and to sustain finding.* Certain evidence in this case held properly admitted and that the finding of the court is sustained by the evidence.

Error from Finney District Court. Hon. A. J. Abbott, Judge. Opinion filed December 1, 1896. *Affirmed.*

*Beardsley & Gregory*, for plaintiff in error.
*A. J. Hoskinson*, for defendant in error.

COLE, J. This was an action for the foreclosure of a real-estate mortgage. Defendant in error was the only defendant served in the court below, and in his answer he alleged as a defense that the mortgage in question was given while the title to the land covered thereby was still in the United States; that said land was occupied by the mortgagor under a homestead-entry filing, and that the final proof had not been

BIDDLE v. ADAMS.                    735

Dec. 1, 1896.         Opinion.   Cole, J.              W. Div.

made at the time of the execution of the mortgage; and that said mortgage was therefore void. The action was tried before the court without a jury and there was a general finding for the defendant in error. Two questions are presented to us by the briefs of counsel. Plaintiff in error contends first, that the judgment of the District Court must be reversed on account of admission of certain evidence at the trial of the case. The evidence objected to was certain records of the Land Office at Garden City, Kan., and the objection does not seem to go to the question of the admissibility of that class of evidence, but rather to the competency of the same under the issues in this case. We have examined the evidence carefully and are of the opinion that the court committed no error in its admission. It is further contended that the evidence was not sufficient to support the finding of the court in favor of the defendant in error. We are clearly of the opinion that the evidence introduced tended to establish the fact that the mortgage in question was executed prior to the date when the mortgagor had made his final proof, and that it was sufficient to sustain the general finding of the court upon the question at issue.

The only question which remains in this case is whether the law applied by the District Court was correct. If the question were a new one we would be strongly inclined, in a case of this kind, to hold in favor of the plaintiff in error, but the Supreme Court of this State has settled the law fully in the case of *Brewster v. Madden* (15 Kan. 249).

In that case the facts were very similar to those in the case under discussion, but it was there held that a mortgage given while title to the land was still in the United States was void. It is urged by counsel for

plaintiff in error that that case ought not to be followed, for the reason that since its decision a more equitable doctrine has been laid down by the Secretary of the Interior of the United States, but our Supreme Court has followed the case of *Brewster v. Madden*, in *Mellison v. Allen* (30 Kan. 382), and until a contrary doctrine is announced we feel bound by the decisions of that court.

Perceiving no error in the record, the judgment of the District Court is affirmed.