ROBERT HIGGINS AND S. A. HIGGINS v. WIL-
LIAM BUTLER AND MARIA BUTLER.

(Filed June 30, 1900.)

1. CONTRACT—*Homestead—Void, When.* Where parties enter into a con-
tract whereby one party is to furnish money to build a house
and do fencing on a homestead claim and to furnish money to secure
the title to said land from the government, on condition that the
other party, on obtaining a patent to the land, will convey to the
other party a one-fourth interest in said land, or should pay to
said party in lieu thereof such sum of money as should equal
one-fourth the value of said land; held that such a contract was
illegal and void; but if the money claimed to have been advanced
was advanced, and used for lawful purposes, the party might
recover the amount of all moneys so advanced, as shown by the
evidence.

2. STATUTE OF LIMITATIONS—*Questions of Fact.* Where the defense of
the statute of limitation is relied upon, if the jury are properly in-
structed as to the law, this defense is a question of fact for the
jury to determine, and when the evidence on this point reasonably
sustains the verdict of the jury, this court will not disturb the
verdict.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before
B. F. Burwell, District Judge.*

*R. G. Hays* and *Huger Wilkerson,* for plaintiffs in error.

*John H. Beaty* and *Frank McMaster,* for defendants in
error.

STATEMENT OF THE CASE.

On the 19th of April, 1897, William Butler and Maria
Butler, plaintiffs in this action in the court below, filed
their amended petition against Robert Higgins and S. A.

Higgins, defendants therein. It appears from the allegations in the petition that on the 8th day of May, 1889, Robert Higgins, one of the plaintiffs in error, was the occupant of the S. W. ¼ of sec. 33, twp. 12 north, of range 3 west of the Indian Meridian, the title to which land was then in the government of the United States, and that said Higgins was so occupying said land with the expectation, and for the purpose of obtaining title thereto, under the homestead laws of the United States. That while the said Higgins was so occupying the said land, for that purpose, the plaintiffs in error entered into a contract with the defendants in error, which is in words and figures as follows, to-wit:

"State of Kansas, Montgomery county, Caney, May the 8th, 1889. This agreement, made and entered into by Robert W. Higgins and William Butler and S. A. Higgins, wife of Robert W. Higgins, and M. S. Butler, wife of William Butler, parties of first, and Robert W. Higgins and S. A. Higgins, parties of first, for the consideration of money to build a house, the same not to exceed three hundred dollars, by the second parties, William Butler and M. S. Butler. Also second parties are to furnish money to fence quarter section of land hereinafter described with post and three wire, and the second parties pay all expenses not to exceed $250.00, securing the title to the S. W. ¼ of sec. 33, of twp. 12, of 3 west, and the said parties of the first is the legal owners of said described land, and has witness to prove the same, as his homestead, by the president's proclamation on said lands in Oklahoma, and that the first parties agree and hold building at the expiration of six months, or, as the same may be fixed by the land commissioner to prove up said land as specified by law. The first party is to relinquish to the second party one fourth its value of said land, section 33, twp. 12 of range 3 west, in Oklahoma, for the promise mentioned herein. The second party is to

build the house forthwith and to fence the same as described immediately.

" ROBERT W. HIGGINS,

" S. A. HIGGINS,

" WILLIAM BUTLER,

" M. S. BUTLER.

'Witness—J. W. Hodges, Witness to Robert W. Higgins, and William Butler; signature, T. G. Dyer."

The petition further alleges that in pursuance of the above contract, the defendants in error paid to plaintiffs in error a large sum of money, to-wit: $500.00, which was expended by defendants in building a house and fencing the land, and making other improvements thereon, and thereafter, between the date of said contract and up to September, 1896, the defendants in error furnished the plaintiffs in error with further sums of money, for all of which, and in consideration therefor, the petition alleges by the terms of the above contract, the plaintiffs in error agree to convey to the defendants in error by sufficient deed of warranty a quarter interest in said lands above described. If defendants should secure a patent to same or in lieu thereof, the plaintiffs in error should pay defendants in error such sum of money as should equal a quarter the value of said land, when a patent to plaintiffs in error should be issued, and a title thereto confirmed in them by the government of the United States.

The petition then alleges that in the month of October, 1896, a patent for said land was issued to the said R. W. Higgins, one of the plaintiffs in error herein.

That the said Higgins refused to perform his part of the contract above set forth, and then proceeds to set out, that by reason of full performance on the part of the defendants in error of the conditions of said contract,

and the failure to perform on the part of the said R. W. Higgins, that the said defendants in error became the equitable owners of an undivided quarter interest in the said land, and became entitled to a conveyance thereof, from the said plaintiffs in error. The petition in paragraph 6, alleges a subsequent ratification of the contract, and an agreement to treat the said contract as a mortgage lien on said land, whereby it is alleged that the defendants in error are entitled to a foreclosure of the same. The petition in the 7th paragraph alleges another and further agreement upon another and different consideration on the part of plaintiffs in error to convey forty acres of said land to the defendants in error, which, it is alleged, the plaintiffs in error, had refused to convey. The petition in the 8th paragraph alleges that the plaintiffs in error entered into a conspiracy with one J. L. Brown, and conveyed to the said Brown a tract of said land, to the damage of the defendants in error, in the sum of five thousand dollars.

The prayer of the petition being:

1. "That the said contract, Exhibit 'A' be enforced, and that it be reformed and re-dated, as of the time of record thereof, and that their lien herein and therein be enforced and foreclosed, by sale or conveyance, as the court may order as against defendants, Robert Higgins and S. A. Higgins.

2. "That James L. Brown be made a defendant herein with Robert Higgins and S. A. Higgins, and process be duly issued against him, and that the plaintiffs have and recover from said defendants the sum of $5,000.00.

3. "That plaintiffs recover of defendants, all costs herein, and that they have such other and further relief as in equity they are entitled to be awarded and adjudged.

A copy of the above contract was made a part of the petition, and marked Exhibit "A." To the foregoing petition the plaintiff in error interposed their demurrer upon the grounds.

1. "That several causes of action are improperly joined.

2. "That the petition does not state facts sufficient to constitute a cause of action against the defendants."

The court sustained the demurrer as to the cause of action set out in the 8th paragraph of the petition, and overruled the demurrer as to the remaining causes of action, to which ruling the plaintiff in error excepted.

Thereupon the plaintiffs in error filed their answer, denying each and every material allegation in the plaintiff's petition, except such as were specifically admitted. The plaintiffs in error admitted that on the 8th day of May, 1889, they became indebted to the defendants in error in the sum of three hundred dollars, money had and received, and no more, and alleged payment of said debt by a settlement of any and all supposed claims and demands whatsoever, that might exist in favor of the defendants in error against plaintiffs in error, by the conveyance of 12. acres of land to Thomas B. Evans, the appointee of said defendants in error. Plaintiffs in error in their answer further set up the statute of limitation. To this answer the defendants in error filed a reply, denying the allegations thereof. On the 17th day of February, 1899, this case came on for trial before a jury regularly and legally impannelled to try the cause. After hearing the evidence and being instructed by the court, and after hearing arguments of counsel, the jury returned a verdict in favor of plaintiff, and against the defendants, assessing the amount of the recovery at two thousand

dollars, which verdict was duly recorded and filed in said court. Afterwards defendants offered and filed their motion to set aside said verdict and for a new trial, which motion was by the court overruled, to which ruling defendants excepted, and bring the case here for review.

Opinion of the court by

IRWIN, J.: The defense relied upon by the defendants was, that such a contract to convey lands is illegal and void. When we consider that portion of the petition which asks for a specific performance of the contract, or that portion which asks to have the contract considered as a mortgage against the premises, and for a foreclosure of the same, in the light of the doctrine laid down by the supreme court of Kansas, in the case of *Mellison et al. v. Allen et al.* 2nd. Pac. 97, 30 Kans. 382, and the doctrine declared by the California supreme court in the case of *McGregor, Administrator, v. Donnelly*, reported in the 7th Pac. 422, we must concede that this contention is correct; but, notwithstanding the fact that this written contract could not be enforced according to its terms, or could not be legally held to be a mortgage, if the one party advanced money to the other, under said contract, and such advancement was made for a legitima'e and legal purpose, and the same was accepted and used by the other party for a proper and lawful purpose, a party might maintain an action for money had and received, notwithstanding the fact that the original contract was illegal and void. Now in the case at bar the money advanced by the plaintiff in the court below to the defendant, with the exception of the item of seventy-five dollars, which the proof shows was used for the purpose of preventing an indictment for perjury against the defendant in the court be-

low, this money having been advanced for an illegal purpose was entirely eliminated from the consideration of the jury by the trial court by an instruction; the balance of the money was all used for legitimate and legal purposes, to-wit: the building of a house on the homestead, the fencing of the land, paying of fees for proving up on the claim, paying the expenses of witnesses in attending the trial of the contest over the homestead, and the services rendered by the plaintiff in the court below, if the jury believed they were rendered by him, for the purpose of assisting the defendant in the court below in maintaining his claim to this homestead, and in looking up evidence and examining witnesses for this purpose, was a proper and legitimate service; and if the jury believed that such services were rendered at the request of the defendant, then they were such services as the plaintiff in the court below would have a right to recover for. Now it seems to us that this question of the right to recover for the money advanced for these purposes and services rendered would exist independent of the question of whether this contract in question was legal or illegal, or whether such a contract could be by law enforced according to its terms or not. This seems to have been the view taken by the court below, and seems to have been entirely covered by the instructions given by the court to the jury. The court instructed the jury as follows on this question:

"You are instructed that the written contract set out and offered in evidence is illegal and void, but as the money claimed to have been advanced by the plaintiffs to the defendants, was for a lawful purpose, the plaintiffs may recover from the defendants the amount of all of the moneys advanced by them to the defendants, as shown

by the evidence, except the sum of $75.00 which plaintiff, William Butler, admits was paid out for the defendants, for the purpose of preventing an indictment from being returned against the defendant, Robert W. Higgins. As the sum paid by the plaintiffs to prevent such indictment would be for an unlawful purpose, he cannot recover that amount."

Which instruction we think entirely and co. rectly states the law.

Now as to the defense of the statute of limitations, the court instructed the jury as follows:

"The defendants in this case have pleaded the statute of limitations, and in this connection the court instructs the jury that the statute of limitations fully runs upon an open account at the expiration of three years from the date the debt is created, unless a time is fixed by agreement in the future when such money shall become due, in which event the statute does not fully run until after the expiration of three years from the time it is agreed that such money shall be paid. If you should find that there was no agreement between the plaintiffs and the defendants when the money claimed to have been advanced by plaintiffs to defendants should be paid, except the written agreement, then and in that event the statute of limitations would fully run at the expiration of three years from the date of the last advancement from the plaintiffs to the defendants; but if you should find from the evidence that the defendants had, at any time before the statute of limitations had fully run, or thereafter, executed a written instrument to the plaintiffs in which they admitted the indebtedness, and agreed to pay the same, or that defendants made a payment to plaintiffs, then and in that event the debt would be renewed and the statute would run for three years after the execution of such written instrument, or payment."

This instruction states fairly the true rule of law as to the statute of limitation. And when the statute of limi-

tation is pleaded as a defense, if the jury was properly instructed as to the law, then the same becomes a question of fact, to be determined by the jury.

As to the defense of payment interposed by the defendants, in the court below, the burden of proof rested upon them; they must make out this defense to the satisfaction of the jury, by a preponderance of the evidence before they could succeed in such defense.

As to whether they have so established the fact or not is a question of fact for the jury to determine in every action. We have examined the instructions of the court as to the law, and are satisfied that they were correct. The jury having found in favor of the plaintiff, and against the defendants, upon all these issues, and there being evidence in the record which reasonably tends to support the verdict, under the well established rule of this court we will not disturb the verdict of the jury. And in this case it seems to us that an examination of the record will show, not only that the plaintiffs in error, who were the defendants in the court below, had a perfectly fair and impartial trial, but that substantial justice has been done.

As to the contention that the verdict of the jury is excessive, we cannot agree with this contention. The testimony of the plaintiff was that he had expended in cash for the defendants and at their request fifteen hundred dollars; that he had made several trips to the place of holding the land contest at the request of the defendants, and had rendered services which were enumerated and described to the jury for which he was unable to fix a definite amount as to the value thereof. But under the instructions of the court this was the province of the jury

to determine, what such services were worth. The jury had the entire evidence before them, they met the witnesses face to face, they had many ways to determine the weight and credibility of the testimony which this court cannot possibly have; and, as on an examination of the entire record, we feel satisfied that there was evidence which fully sustained the finding of the jury, and finding no error in the instructions of the court as to the law, and believing that substantial justice has been done, the judgment of the court below will be affirmed.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring except Mc-Atec, J., who was not present.