## SARAH C. BASS v. WILLIAM T. SMITH *et al.*

(Filed February 5, 1903.)

**CONTRACT—Illegal—Courts Will Not Enforce.** No action either at law or in equity can be maintained on a contract that is forbidden by law. The sound policy of the law is to leave the parties in all such cases without a remedy, since the courts will not lend their aid to, a party who bases his action on a contract in violation of the organic law or the statute, or upon an act that is immoral, or is in contravention of sound public policy. No legal right can arise from such a source.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*W. H. C. Taylor,* for plaintiff in error.

*A. C. Glenn* and *Sam P. Ridings,* for defendants in error.

### STATEMENT OF FACTS.

This was an action brought in the district court of Grant county by Sarah C. Bass against the heirs at law and next of kin of David W. Smith, deceased, to compel the conveyance of a certain tract of land to the plaintiff by virtue of a certain oral agreement entered into between David W. Smith and the plaintiff in error on the——————day of October 1895. The material averments in the petition are: That on the ——day of October, 1895, David W. Smith, and the plaintiff entered into an oral agreement that if the plaintiff would procure a tract of land for said decedent in Grant county, Oklahoma, and should con-

tinue to provide a home, maintain, support, clothe, board and care for the said David W. Smith during the remainder of his life time he, the said Smith, in consideration therefor would convey by deed to the plaintiff the said tract of land procured for him by the plaintiff; that pursuant to said agreement the plaintiff purchased the northwest quarter of section twenty-three, township twenty-eight north, range six west of the Indian Meridian, containing one hundred and sixty acres; and that the said David W. Smith entered said tract of land under the homestead laws of the United States; that the plaintiff paid for said homestead claim the sum of three hundred dollars and afterwards expended the sum of eight hundred dollars of her own money for improving said land; that on the 31st day of July, 1900, the said David W. Smith died intestate, and before he had acquired legal title to said land from the United States, and at the commencement of this action the title was in the heirs of the said David W. Smith, deceased. The plaintiff asks for the specific performance of said oral agreement, and that the legal title be conveyed to her, and that the heirs be divested of all interest and title therein and in the event that the specific performance of said agreement cannot be granted that the plaintiff be awarded compensation in damages in the sum of eleven hundred dollars.

To this petition the defendant interposed a demurrer, alleging want of jurisdiction of the subject-matter, and that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. The court sustained the demurer on the ground that the petition failed to state a cause of action, and the

plaintiff having elected to stand upon said petition, the cause was dismissed. From which order and judgment of dismissal the plaintiff prosecutes this appeal. Affirmed.

Opinion of the court by .

HAINER, J.: The sole question presented by the record is the validity of the contract entered into between the plaintiff, Sarah C. Bass, and the decedent, David W. Smith. Was the contract a valid one? Can such a contract be enforced? We think these questions must be answered in the negative. Section 24 of the organic act of this territory provides as follows:

"That it shall be unlawful for any person, for himself or any company, association, or corporation, to directly or indirectly procure any person to settle upon any lands open to settlement in the Territory of Oklahoma, with intent thereafter of acquiring title thereto; and any title thus acquired shall be void; and the parties to such fraudulent settlement shall severally be guilty of a misdemeanor, and shall be punished upon indictment, by imprisonment not exceeding twelve months, or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment, in the discretion of the court."

The contract which is attempted to be enforced in this action is not only in violation of the organic act of this territory, which denounces such an act as a crime, but it is also in violation of the laws of the United States. It was therefore illegal. And the law seems to be now well settled that no action, either at law or in equity, can be maintained on a contract that is forbidden by law. The sound policy of the law seems to be to leave the parties in all such cases without

a remedy, since the courts will not lend their aid to a party who bases his action on a contract in violation of the organic law, or the statute, or upon an act that is immoral, or is in contravention of sound public policy. No legal right can arise from such a source. (*Garst v. Love,* 6 Okla. 46; *Light v. Conover,* 10 Okla. 732; *Trist v. Child,* 12 Wall. 441; *Meguire v. Corwine,* 101 U. S. 108; *McMulleh v. Hoffman,* 174 U. S. 639.)

However, the contract in the case at bar is to be distinguished from those contracts which are merely void from excess of power, or want of compliance in some formal matter or which are defective in other essentials. It follows that the courts will not enforce the contract sued on, or permit a party to recover damages on account of the alleged breach thereof, or permit the party to recover the money advanced to carry into effect such an illegal transaction.

The judgment of the district court of Grant county was right, and is, therefore, affirmed, at the costs of the plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.