## MAHAR v. WARD.

No. 8332—Opinion Filed April 24, 1919.

(180 Pac. 859.)

(Syllabus.)

### Action—Premature Action.

M. and W. agreed to furnish equal sums of money and purchase a tract of land, designated as tract No. 131 of the segregated coal lands of the Choctaw and Chickasaw Nations to be sold by the Department of the Interior. The land was to be purchased in the name of W., for the joint use and benefit of M. and W., and on demand thereafter W. was to convey to M. a half interest therein, as might be agreed upon between them. M. and W. furnished equally, share and share alike, 25 per centum of the purchase price and after the purchase, M. and W. divided

the land between them, M. taking the west half and W. the east half. Certificate was issued to W.; thereupon M. demanded that W. execute to him a deed for the west half of the land so purchased. Upon refusal, M. instituted action for specific performance. Held, the action was prematurely brought, the title to the land not having passed to W. by virtue of the certificate of purchase, and W. not being entitled to the patent until the conditions and terms of the sale were fully complied with.

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by Charles H. Mahar against A. A. Ward. Demurrer to petition sustained, and from a judgment dismissing the petition and giving the defendant judgment for costs, plaintiff brings error. Affirmed.

J. W. Hale and T. H. Du Bois, for plaintiff in error.

Fleming & Neely, for defendants in error.

PITCHFORD, J. Charles H. Mahar, the plaintiff in error, was plaintiff in the court below, and defendant in error, A. A. Ward, was defendant. The plaintiff, on the 19th of March, 1915, filed his petition in the district court of Le Flore county, seeking the specific performance of an oral contract, which it was claimed had been entered into by the parties on the 16th of November, 1914, whereby it was agreed that each would furnish and contribute equal sums of money and purchase a tract of land known and designated by the Department of the Interior of the United States, under whose supervision the same was to be sold, as tract No. 131 of the segregated coal lands of the Choctaw and Chickasaw Nations, consisting of 80 acres of land, lying and being situated in Le Flore county, Okla., and to be thereafter sold at public auction by said Department of the Interior. It was further agreed between the parties that each party should and would contribute an equal amount of the purchase price of said lands, and that the same was to be purchased in the name of the defendant, A. A. Ward, for the joint use and benefit of the said plaintiff and defendant, and that the defendant would on demand thereafter convey to the plaintiff a one-half interest therein, as might be agreed upon between them. Pursuant to said agreement and in accordance with its terms, the plaintiff and defendant attended the sale, and the defendant became the purchaser of said tract, the plaintiff and the defendant furnishing equally, share and share alike, 25 per centum of

the purchase price thereof. Thereafter the plaintiff and defendant went upon the said tract of land, and by agreement partitioned and divided the same, the plaintiff taking the west half and the defendant the east half. Thereafter the Secretary of the Interior issued a certificate of purchase to the defendant.

Plaintiff alleges that he has made demand upon the defendant for the execution and delivery to him of the deed conveying to him the portion of said real estate aforesaid partitioned and taken possession of by him. The defendant demurred to the petition, the grounds for demurrer being: First, that the court had no jurisdiction of the subject-matter in controversy between the parties; and, second, that the petition failed to state facts sufficient to constitute a cause of action against the defendant. The court sustained the demurrer. The plaintiff declined to plead further, and elected to stand on his demurrer, whereupon the court rendered judgment dismissing the plaintiff's petition, and gave the defendant judgment for costs, whereupon plaintiff appealed to this court.

The sole question raised by plaintiff in error is that the trial court erred in sustaining the demurrer to the petition. The contention of the plaintiff is that he and the defendant agreed to buy a certain tract of land belonging to the Choctaw Tribe of Indians, which was to be sold under the supervision of the Secretary of the Interior. This agreement was entered into, it appeared, on the 16th day of November, 1914, evidently the same date as the sale, as it is alleged that the plaintiff and defendant entered upon the lands so purchased on the 17th, the day thereafter, and proceeded to divide the same; the plaintiff taking the west half and the defendant the east half. We are not informed as to the rules, regulations, and terms prescribed by the Secretary of the Interior covering the sale. However, we are justified in the conclusion that the purchase price was to be paid in installments, the petition containing the statement that, in accordance with the terms and conditions under which said land was sold, the plaintiff and defendant furnished equally, share and share alike, 25 per centum of the price thereof.

As we have seen, this action was commenced in the trial court on the 19th day of March, 1914, four months after the sale. It has not been made to appear that any additional payments have been made. So far as we are able to ascertain, the 25 per centum, being the first payment, is all that has

been paid. The certificate of purchase, having been issued to the defendant by the Secretary of the Interior, did not have the effect of vesting title in the defendant. The certificate only had the effect of acknowledging the receipt of the first payment, and in effect acknowledging the prior right of the defendant to a patent to the land purchased when and after the deferred payments had been completed under the regulations, conditions, and terms prescribed for the sale. The patent could not be earned, nor would the defendant be entitled thereto until all these conditions had been fully performed. This being true, then at the institution of the action, neither the equitable nor legal title to the land purchased was vested in the defendant. He had an inchoate right, capable of being enlarged into a complete title upon a compliance with the terms of the sale.

The plaintiff is seeking a decree requiring the defendant to execute to him a deed for one-half of the land, when it appears that he has only contributed one-half of the 25 per centum payment. He fails to make any offer to do equity by tendering into court one-half of the purchase price, and fails to allege that he had tendered this amount to the defendants. If the defendant, under the circumstances, should be required to execute the deed, then the plaintiff would have a deed for one-half of the land when he had only paid therefor one-fourth of the purchase price. The action of the plaintiff is premature. In Ward, Adm'r, v. Ward, et al., 74 Oklahoma, 182 Pac. 675, the court said:

"An action will not lie to establish a resulting trust in unallotted lands of the Choctaw and Chickasaw Nations, sold at public sale prior to the full payment of the purchase price and the issuance and delivery of patent therefor."

To the same effect see Henry H. Bockfinger v. John Foster et al., 10 Okla. 488, 62 Pac. 799; also Prince v. Gosnell, 19 Okla. 175, 92 Pac. 164.

Suppose the court should grant the decree, what description of deed would defendant be ordered to execute? It certainly could not be one warranting the title, for, as we have seen the title is not in the defendant. The best the court could do would be to require the defendant to execute a conditional deed to become effective when the patent had issued, or been earned, and upon the plaintiff's paying one-half of the purchase price, but this would be futile if granted, as the decree could be defeated by the defendant's

failing to make the additional payments. The court would be without authority to force the Secretary of the Interior to recognize any rights decreed to the plaintiff under these conditions. As we understand the rule, the court will not make a decree when the defendant could, by his acts, put an end to it or render the decree nugatory. Knox v. Spratt, 19 Fla. 817; Dietz v. Stephenson, 51 Ore. 596, 95 Pac. 803.

The judgment is affirmed.

All the Justices concur.