### UNION SAVINGS & LOAN ASS'N v. BYRNE et ux.

(Circuit Court of Appeals, Ninth Circuit. March 17, 1902.)

No 722.

QUIETING TITLE—SUIT TO REMOVE CLOUD—RES ADJUDICATA.

The owner of land bordering on tide land mortgaged it, including improvements extending over on the tide land, to a loan association, with warranties of seisin, right to convey, quiet possession, against incumbrances, and to defend the title, and thereafter the mortgagor, claiming a statutory preferred right to purchase from the state the tide land in question, filed her application for purchase. In the meantime the loan association foreclosed its mortgage, and purchased the mortgaged property, and then took a deficiency judgment against the mortgagor, on which execution was issued and levied on the mortgagor's interest in the tide land. Subsequently the mortgagor assigned her purchase right to a third party, who procured a conveyance in fee from the state, and sued the loan association under 2 Ballinger's Ann. Codes & St. § 5500, to remove the cloud created by the execution, and to restrain the collection of the deficiency judgment out of the tide land. *Held,* that a decree in such suit quieting title to the tide land in the mortgagor's assignee, and restraining the loan association from the collection of its deficiency judgment out of such land, was conclusive upon such association, and a bar to a suit by it against such assignee to have his title declared invalid, regardless of whether the grounds relied on by the association in the second suit were presented in the former.

Appeal from the Circuit Court of the United States for the Northern District of Washington.

James Kiefer, for appellant.

I. D. McCutcheon, for appellees.

Before McKENNA, Circuit Justice, and GILBERT and ROSS, Circuit Judges.

ROSS, Circuit Judge. It appears from the record that on the 19th day of December, 1896, J. Marshal Morse and Anna M. Morse, his wife, mortgaged to the appellant, who was complainant in the court below, the following described property situated in Island county, state of Washington, to wit:

"Beginning at the point where the line between the claims of Edward Barrington and Lizzie Hill intersects the Co. road running in front of the donation claims of Sumner and Taftzon, on the S. side of said road; running thence one hundred and forty (140) feet on the S. side of said road in an easterly direction; thence south to half tide; thence west one hundred and forty (140) feet; thence north to place of beginning. Also all the wharf extending from the above piece of land to deep water. Also all of lot numbered thirty-six (36), block seventeen (17), of Latona, King county, Washington, as the same appears upon the duly recorded plat thereof, and now of record in said King Co., Wash."

The mortgage contained the following covenants on the part of the mortgagors:

"First, that they are lawfully seised of said premises; second, that they have good right to convey the same; third, that the same are free from all encumbrances; fourth, that the said party of the second part, its successors and assigns, shall quietly enjoy and possess the same, and that the said parties of the first part will warrant and defend the title to the same against all lawful claims."

On December 30, 1896, Mary Morse, claiming a preferred right to purchase from the state of Washington, by virtue of one of its statutes, the piece of tide land over which the improvements mentioned in the mortgage extended, made application to buy the same from the state, which application gave rise to numerous protests and to much litigation. During the time of that contest the appellant foreclosed its mortgage, those proceedings having been begun in the year 1898. In January, 1899, a decree of foreclosure and sale having been entered, the mortgaged property was sold by the sheriff of the county, and bought in by the mortgagee, for a sum less than the amount decreed to be due, and a judgment for the deficiency entered against Mary Morse as well as the other judgment debtors. Subsequently the appellant received the sheriff's deed for the premises described in its mortgage, and purchased by it. On the 6th day of March, 1900, the appellant caused an execution, issued upon the deficiency judgment, to be levied by the sheriff upon the interest of Mary Morse in the tide land she had applied to purchase, which interest was only the preference right to purchase given by the Washington statute, the title to the property then being in the state. That preference right Mary Morse, on April 7, 1900, assigned to Laurence P. Byrne, one of the defendants to the present suit. April 24, 1900, Byrne exercised the right to purchase so assigned to him, and paid to the state $42.84 for

the land, and received from the state a conveyance of the title thereto in fee, and thereupon instituted in the superior court of Island county a suit against the appellant and the sheriff of the county to quiet his title, pursuant to the provisions of section 5500 of the statutes of Washington, which reads:

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title." 2 Ballinger's Ann. Codes & St. Wash.

The complaint in that action set forth, among other things, the application of Mary Morse to purchase the land in question, the contests that arose in respect thereto, the final adjudication thereof in her favor, the assignment of her preference right to purchase the land to Laurence P. Byrne, his payment therefor to the state and its conveyance to him of the title thereto, the issuance of execution upon the appellant's deficiency judgment, and its levy by the sheriff on the interest of Mary Morse in the land, and the advertisement of the same for sale to satisfy the execution; and further alleged that Mary Morse never acquired legal title to this tide land, and that the appellant's judgment never became a lien upon any part thereof; that the levy of the execution thereon by the sheriff for the purpose of satisfying the appellant's judgment and the sale advertised to be made thereunder "constitute a cloud upon the title of these plaintiffs (Byrne and wife) to said property; and, if said sheriff be allowed to make said sale, to issue said certificate of purchase and a deed in pursuance of said sale, the plaintiffs herein will be irreparably injured and damaged, and their title to said property will be permanently clouded." Among the prayers of the plaintiffs was one "that said sheriff and said defendant Savings and Loan Association be perpetually restrained and enjoined from taking any steps whatever to satisfy said execution and said judgment out of said described premises, and from doing any acts whatsoever tending to cloud the title of the plaintiffs to the lands in controversy, or any part thereof." The defendants to that suit answered the complaint, and, a motion on behalf of the plaintiffs thereto for judgment on the pleadings coming on to be heard, the court entered judgment for the plaintiffs, by which it was adjudged, among other things:

"(6) That the defendants, and each of them, be, and they are hereby, perpetually restrained and enjoined from taking any steps whatsoever to satisfy said judgment and execution out of the tide land hereinabove described, and from doing any act or acts whatever constituting or tending to constitute a cloud upon the title of the plaintiff to said tide land, or any part thereof, and from doing any act or acts in any manner interfering with said tide land or any part thereof. (7) That defendants, and neither of them, have any right, title, or interest in said tide land, or any part thereof, by virtue of said judgment, execution, and levy, or either of them, or otherwise."

That judgment was pleaded by the defendants to the present suit in bar thereof, and the plea sustained by the court below. Its ruling in that respect constitutes the only question on this appeal. We think the ruling clearly right. The second amended bill of the appellant sets out the facts above stated, and alleges that Laurence P. Byrne

took the assignment from Mary Morse and the deed from the state of Washington with full knowledge of appellant's mortgage and of its rights growing out of its foreclosure proceedings, and prays for a decree adjudging that Byrne and wife "have no title whatever to or interest in the said premises described in said deed from the state of Washington, and that it may be decreed that the said Laurence P. Byrne and Catherine Byrne, his wife, hold the title to said tide lands as trustee for your orator, and for the use and benefit of your orator; and that they may be required, upon repayment to them of the amount paid to the state of Washington, to convey said tide lands"; and that "the title of your orator to the said premises may be forever ratified, approved, and confirmed and quieted as against all and every claim of the said defendants Laurence P. Byrne and Catherine Byrne, his wife, and each of them." It is thus seen that the appellant, by its bill in this suit, is seeking to accomplish what the judgment of the state court in the suit of Byrne and wife against the appellant and the sheriff of Island county enjoined them from doing, namely, from taking any steps whatsoever to satisfy the deficiency judgment, and "from doing any act or acts whatever constituting or tending to constitute a cloud upon the title of the plaintiff (Byrne) to said tide land, or any part thereof, and from doing any act or acts in any manner interfering with said tide land, or any part thereof." The jurisdiction of the state court over the parties and subject-matter is not questioned. Its decree, therefore, in respect to the conflicting claims of the parties to the land in controversy, is, so long as it stands, conclusive, not only as to every ground of recovery or defense actually presented in the cause, but also as to every ground which might have been presented. Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; McAleer v. Lewis (C. C.) 75 Fed. 734. If the precise ground here relied on was not presented in the suit brought in the state court to settle the question of title, no good reason existed why it should not have been; for the appellant was there called upon to set up and assert whatever interest it had in the property in question.

The judgment is affirmed.