## ENGLE *et al.* v. LEGG.

No. 3202.   Opinion Filed October 14, 1913.

(135 Pac. 1058.)

1. . **PLEADING—Answer—Amendment.** When application is made to the trial court to amend the answer during the course of the trial, and it appears that the proposed amendment would be inconsistent and at variance with the allegations made by the defendant in the answer then on file, it is not error to deny such application.

2. **JUDGMENT—Res Judicata—Defenses—Evidence—Pleadings.** The judgment in a former action, involving the same subject-matter, is conclusive, not only as to defenses which were permitted in such action, but also as to all defenses which might have been but were not presented.

3. **PLEADING—Objection to Introduction of Evidence.** Where a defendant is estopped from making a claim of·damages or questioning the amount of a debt by a former judgment or decree, it is not error to sustain an objection to the introduction of evidence when offered to establish such defenses.

(Syllabus by Galbraith, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by J. F. Legg against T. J. Engle and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*G. A. Outcelt,* for plaintiffs in error.

*H. H. Smith,* for defendant in error.

Opinion by GALBRAITH, C.   It appears from the record that the defendant in error in September, 1905, entered into a contract in writing with the plaintiffs in error, under the terms of which he agreed to furnish the material and labor to erect a building in the city of Tecumseh for the sum of $2,300.   On the 17th day of November, in the same year, the parties modified this contract, by a written stipulation added thereto, by which 30 feet of the rear of said building, as at first agreed upon,

was to be omitted, and the cost of the building was reduced to $1,865, 'and Legg agreed to build the additional 30 feet for $435, "when T. J. Engle was ready or when this part is paid for." A series of promissory notes were executed by the plaintiffs in error for the sum last agreed upon and an additional indebtedness, and a real estate mortgage given to secure the same, to wit, $1,865 on the building contract and $600 additional, recited to be the amount of a note paid the bank by Legg for Engle, total amount $2,465. In September, 1909, suit was brought in the district court of Pottawatomie county on these notes, or the part thereof remaining unpaid at that time, and to foreclose the mortgage. This suit was numbered 4746 on the docket of said court. The plaintiffs in error, who were the defendants in that suit, answered and filed a cross-petition and counterclaim setting out that the original contract of September, 1905, under which the building was erected, had been superseded by an oral contract entered into between the parties on the 1st day of May, 1909, by which the amount of the indebtedness due from the defendants to the plaintiff at that time was agreed upon and the time of payment extended and a new mortgage agreed upon to secure the same, setting out the amount of the indebtedness and a description of the notes that were to be given in settlement. At the trial of this case the court submitted to the jury a special interrogatory, as follows:

"Did the parties hereto, on or about May 1, 1909, make and enter into an oral contract with the terms and conditions as set out in paragraph 3 of defendants' answer and cross-petition, and was the same fully executed in all things? Answer: Yes."

When this interrogatory was returned, the court discharged the jury, and rendered judgment for the defendants, and assessed the cost against the plaintiff, and directed the defendants to execute and deliver the mortgage and notes as set out in their answer and cross-petition, and decreed that the plaintiff should accept said mortgage and notes in settlement of the first mortgage and series of notes, and also set out in the decree a description of the notes which were to be executed and delivered under that decree. The notes set out in the answer and cross-

petition of the defendants in that case and described in the decree were 22 in number and amounted in the aggregate to $1,-252.88. Thirteen of said series of 22 notes referred to in that decree are the identical notes sued upon in the instant case, and the mortgage sought to be foreclosed is the identical mortgage which the defendants were directed to execute by the decree in case No. 4746. The decree entered in No. 4746 not only directed the defendants in that suit to execute the notes and mortgage involved in this suit at the defendants' request, but also, over the objection of the plaintiff in that case, decreed the cancellation of the mortgage and series of notes executed under the contract of September, 1905, and the modification thereof in November, 1905, and involved in that suit. This decree recites in regard to the modified contract of November 17, 1905, that it was not meant "to affect the rights of the parties hereto with reference to said contract for the extension of the building in any particular whatever."

The instant case was commenced in the district court of Pottawatomie county October 17, 1910, on the balance of the series of notes then unpaid, which were executed in pursuance of the decree of the court in No. 4746. The plaintiffs in error filed an answer in the instant case wherein they admitted the execution of the notes and mortgage as set out in plaintiff's petition, but set out certain matters by way of cross-petition and counterclaim for damages under the contract of September, 1905, and the modification thereof of November 17, 1905, and admitted a balance due the defendant in error, after deducting the amount of damages claimed, and made a tender of $300. A demurrer to this answer was interposed and was subsequently confessed by the plaintiffs in error and fifteen days taken to file an amended answer. The amended answer set out practically the same things, in a little different form, as the original answer. A demurrer to this amended answer was overruled by the court, and a reply was filed by plaintiff. The case was regularly set for trial on the 26th day of April, 1911, and the defendants asked and obtained leave of court to file an amendment to the answer, and the plaintiff was permitted to file a reply thereto forthwith.

Engle et al. v. Legg.

This amendment to the answer alleged that the notes in suit were tainted with usury and that there was usurious interest, amounting to $115.21, included in them, and asked that the penalty prescribed for contracting usurious interest be assessed against the defendant in error. The case was called for trial and a jury regularly impaneled, and the plaintiff introduced the notes described in the petition and mortgage in evidence. Also proffered to defendants the original contract of September, 1905, which was supposed to have been lost. The defendants then asked leave to amend their answer to conform to this original contract, and this application was by the court denied on the ground that such amendment would be inconsistent and at variance with the facts already admitted by the defendants in their pleadings on file. The plaintiff then objected to the introduction of evidence by the defendants in support of their cross-petition and counterclaim and the amendment to the amended answer. This objection was sustained. The jury were then discharged and judgment rendered by the court in favor of the plaintiff for the amount of the notes and for the foreclosure of the mortgage as prayed in the petition. The defendants saved exception to the several rulings of the court against them, and upon the overruling of the motion for new trial exception was saved and time taken to make and serve a case-made for appeal to the Supreme Court, and the appeal was duly perfected.

Errors are assigned as follows: (1) In denying defendants' request to amend their answer to conform to the terms of the contract of September, 1905. (2) Denying the right of the defendants to introduce evidence in support of the allegations in their amended answer and counterclaim. (3) Denying the right to introduce evidence in support of the amendment to the answer. (4) In denying the motion for a new trial. (5) That the judgment is not sustained by the evidence. (6) That the judgment is contrary to law.

The first assignment challenges the action of the court in denying the third application of the defendants to amend their answer; the two previous applications having been granted. The refusal of the court was based on the ground that the defend-

ants could not amend their answer to conform to the contract as they asked to do, for the reason that they had made admissions inconsistent with the terms of the contract in the pleadings previously filed by them.

"It is a general rule in actions at law that, in order to enable the plaintiff to recover or defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the *onus probandi* must not vary from what he has previously alleged in his pleadings; and this is not a mere arbitrary rule but is one founded on good sense as well as good law." (*Chambers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117).

This assignment is not well taken.

The second and third assignments go to the one ruling of the court in sustaining the objection to the introduction of evidence by the defendants in support of their cross-petition and counterclaim and the amendment thereto. By this the defendants sought to reopen and readjudicate certain things that had been in issue and adjudicated in the former decree entered in case No. 4746. This could not be done at this time and in this way. The former suit was between the same parties as the instant case, and the court rendering the judgment in that case had jurisdiction of the subject-matter and of the parties, and the decree rendered in that case was not appealed from and became and was a final judgment, and the matters therein litigated finally determined between the parties. The judgment was not subject to collateral attack in the manner attempted.

These plaintiffs in error as defendants in case No. 4746 had set up in their answer and cross-petition that on May 1, 1909, they and the plaintiff had agreed upon the amount of the debt due and upon the terms of an extension thereof and set out copies of the notes, 22 in number, and the form of the mortgage agreed upon by them, and induced the court to decree in that case that the plaintiff accept those notes and that mortgage in settlement of the debt, and to decree a cancellation of the notes and mortgage sued on by the plaintiff in case No. 4746, and this was done over the protest of the plaintiff, and the defendants, having taken that position in that suit and accepted

the benefits accruing therefrom, could not in this case take a position entirely inconsistent therewith.

"Where one voluntarily assumes a certain position in a legal proceeding and succeeds in maintaining that position, he will not thereafter, because his interests have changed, be permitted to assume a contrary position to the prejudice of a party who acquiesced in the position formerly taken by him." (*Territory v. Cooper,* 11 Okla. 699, 69 Pac. 813; *Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995.)

The rights growing out of the contract of September, 1905, as well as the specific notes evidencing the debt of plaintiffs in error to the defendant in error of May 1, 1909, were specifically determined by the decree entered in case No. 4746. That decree recited in part as follows:

"That on or about the 1st day of May, 1909, plaintiff and defendants made and entered into an oral contract and agreement in Tecumseh, Okla., in which contract it was agreed by the parties that defendants would give, in payments of said sum of $950 owing, due, and unpaid from defendants to plaintiff, their certain promissory notes, in writing, 22 in number, the first of which became due and payable June 1, 1909, and one each month thereafter until the last of said notes matured."

And also:

"That all the terms and conditions of the notes and mortgage described in defendants' answer and counterclaim were mutually agreed upon by the parties hereto and that the same was mutually settled. That the notes and mortgage were drawn as stipulated and contracted for by the mutual agent of all the parties to same. That the indebtedness from defendants to plaintiff increased and time of payment extended."

It is possible that the court in that decree did not intend to adjudicate the rights of the parties growing out of the modified contract dated November 17, 1905. The language of the decree hereinbefore quoted would indicate such an intention on the part of the court. However this may be, it does not appear that any right of action for damages accrued to the plaintiffs in error on account of said contract, since its performance was dependent upon a *demand by Engle or payment of the amount due for constructing the main building.* It appeared from the

face of the pleadings that payment had not been made, and that demand for performance had not been made until some three years after the date of the contract. The court below, perhaps rightly, held that, as no time for demand was fixed in the contract, same must be made within a reasonable time, and that three years was an unreasonable time, and that no rights accrued to the plaintiffs in error by reason of the demand at that time, and that any right of action that might have accrued under this amended contract was barred by the five years' statute of limitation at the time this amended answer was filed. In any event, the ruling of the trial court was right, since any claim for damages by reason of a breach of the amended contract of November 17, 1905, existed at the time of the settlement of May 1, 1909, and, if not taken into account, then should have been held as waived under the allegation of the answer and cross-petition in case No. 4746 and the recitals of the decree rendered therein. This much as to the claim for damages. And further, by the amendment to the amended answer, it was sought to attack collaterally the decree in case No. 4746. This could not be done in the manner attempted. The amount of these notes was specifically decreed by the insistence of these plaintiffs in error as defendants in that suit, and they cannot be heard in this case to contend that that decree is not *res adjudicata* on this question. *Kessler v. Eldred,* 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065; *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195; *Lumber Co. v. Buchtel,* 101 U. S. 638, 25 L. Ed. 1072; *Fayerweather v. Ritch,* 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193. Neither of these assignments is well taken. The remaining assignments of error do not seem to require specific consideration.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.