## ALFREY v. COLBERT *et al.*

No. 3599.  Opinion Filed November 17, 1914.

(144 Pac. 179.)

1.    **JUDGMENT—"Res Judicata"—Requisites of Plea.** In order to constitute a good plea of **res judicata,** the following elements should be apparent: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and

to the issues between them—and where these elements are clearly apparent, the plea should be sustained.

2. **SAME—Conclusiveness—Matters Concluded.** A judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein.

3. **SAME—Res· Judicata—Question of Law.** When a former judgment is set up as a bar or estoppel, the question whether there is such an identity of the parties and of the subject-matter or cause of action as will support the plea of **res judicata is** a question of law for the court when it is determinable from an inspection of the record.

(Syllabus by Harrison, C.)

*Error from District Court, ·Rogers County;*

*T. L. Brown, Judge.*

· Injunction by R. J. Alfrey against Perry Colbert and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Jesse W. Watts, Chas. G. Watts,* and *Alvin F. Molony,* for plaintiff in error.

*Henry M. Brown* and *Robert F. Blair,* for defendants in error.

Opinion by HARRISON, C. This was an action by R. J. Alfrey against Perry Colbert, a Creek freedman, and his guardian, James A. Harris, to enjoin the sale of a portion of the lands allotted to such freedman, which lands, upon petition of his guardian, had been ordered to be sold by the county court; the plaintiff alleging that he was the legal and equitable owner by virtue of a deed executed to him by Colbert July 10, 1906, and that the sale of such lands by order of court constituted a cloud on plaintiff's title. Wherefore he prayed that such sale be enjoined. The defendant Colbert, through his guardian, Harris, answered plaintiff's petition by denying specifically every allega-

tion not admitted, and filed a cross-petition against plaintiff set-
ting up a former judgment and decree of the United States Cir-
cuit Court of Appeals, wherein the rights of the plaintiff in er-
ror and Colbert to the tract of land in question were alleged to
have been finally adjudicated, and praying for the dismissal of
plaintiff's petition and for costs and damages, and that plaintiff
be enjoined from further interfering with the disposition of Col-
bert's land.  Plaintiff replied, admitting, in substance, that the
decree of the federal court pleaded by defendant in his answer
had the effect of adjudicating the rights between plaintiff and
Colbert in reference to the land in question as evidenced by two
former deeds, but contending that such decree did not have the
effect of adjudicating the issues presented in the case at bar, for
the reason that plaintiff had a later deed.  When the cause came
on for trial, defendant moved for judgment on the pleadings,
which motion was sustained by the court on the theory that all
rights between the plaintiff and Colbert in reference to the land
in question had been determined by the United States District
Court and on appeal by the United States Circuit Court of Ap-
peals for the Eighth Circuit (168 Fed. 231, 93 C. C. A. 517),
and that the doctrine of *res judicata* was applicable, and from
such judgment the plaintiff appeals.

Two material propositions are presented: First, whether
the doctrine of *res judicata* was applicable under the state of the
pleadings; second, whether the defendants were entitled to judg-
ment on the pleadings.

The history of the facts involved and issues determined,
both in the former judgment and decree and in the case at bar,
is well stated in the finding of facts and decree of the trial court
in this case as follows:

"Now on this 16th day of August, A. D. 1911, came on reg-
ularly to be heard the above-entitled cause upon the petition of
plaintiff, the answer and cross-petition of defendants, and the
reply thereto by plaintiff, and thereupon the plaintiff appeared
by his attorney, Charles G. Watts, and the defendants appeared

by their attorneys, Blair and Brown, and all parties announced ready for trial; whereupon, the defendants, by permission of the court, filed their motion for judgment upon said pleadings; and the court, having heard the argument of counsel, and having read and fully considered and understood the authorities cited by them, is of the opinion that said motion is well taken and ought to be sustained.

"The court further finds that the land described in plaintiff's petition—to wit, the south half of the northwest quarter, less 85-100 acres occupied as a right of way by the Kansas & Arkansas Valley Railway Company, and lots 5 and 6 of section 4, township 19, range 17 east of Indian base and meridian, lying and being in Rogers county, Okla.—was a part of the allotment of Perry Colbert, a citizen of the Creek Nation and enrolled on the freedman roll thereof; that on April 25, 1904, the plaintiff, together with one G. D. Carl, took a deed from defendant Perry Colbert, with covenants of general warranty to said lands; that on July 28, 1904, the said Perry Colbert, by his father and next friend, James Colbert, began an action in the United States Court for the Western District of the Indian Territory at Wagoner against the plaintiff herein and said G. D. Carl, to cancel and set aside said deed for the reason that the said Perry Colbert was a minor and was ignorant, uneducated, unable to read or write, and was of weak and feeble mind and memory, and that the consideration paid for said deed was grossly inadequate; that on November 21, 1905, the plaintiff herein and said G. D. Carl obtained another deed from said Perry Colbert to said land, containing covenants of general warranty; that plaintiff, who was one of the defendants in that action, claimed to be the owner of said land under and by virtue of the deed first executed and under and by virtue of the deed last mentioned, and claimed all right, title, and interest in and to said land by virtue of said deeds, and also the right of possession thereto; that upon the issues thus formed, said action was tried, and the court canceled and set aside said deeds, and enjoined the defendants, said R. J. Alfrey and G. D. Carl, from conveying said land and from in any wise clouding the title thereto; that said case was taken to the United States Circuit Court of Appeals for the Eighth Circuit, where the decree of the trial court was modified and affirmed, said court holding, in its opinion, that said deeds were void, and that the defendants in that action, said R. J. Alfrey and G. D. Carl, had no right, title, or in-

terest in or to said land by virtue of said deeds, and that the plaintiff, said Perry Colbert, ought not to be required to pay said defendants the amount of money paid to him for said deeds, and adjudged against the defendants in that action the costs of said suit.

"The court further finds that the decree of the chancellor was made and entered in that action on July 23, 1906, and that on said date, and long prior thereto, the plaintiff in this suit, said R. J. Alfrey, had in his possession the third deed to said land, which he had procured from said Perry Colbert to the same land as described in his first two deeds, but which, by mis-description, appeared to be different land; that said third deed was delivered to the plaintiff, R. J. Alfrey, on July 10, 1906; and that said deed was not set up in any pleading before the United States court and was not called to the attention of the court.

"The court further finds that the judgment and decree of the Circuit Court of Appeals of the Eighth Circuit finally adjudicated and determined as between said R. J. Alfrey and said Perry Colbert their respective rights to the property, and that the plaintiff in this suit, said R. J. Alfrey, is bound by that decree, and is estopped in this suit to set up any title to said land.

"The court further finds that the subject-matter of this action is the same as the subject-matter in that action, and the parties to this suit are the same as the parties to that suit, and that judgment should be rendered in favor of the defendant Perry Colbert."

Whereupon the court entered judgment in favor of Perry Colbert, and perpetually enjoined Alfrey, his agents, servants, employees, and attorneys, and each of them, from interfering with the defendant's right of possession and right to use, keep, and occupy and sell said land or any part thereof, and further enjoined plaintiff from instituting any suit with the object of clouding the title to said lands in the said Colbert.

The contention of plaintiff in error that the court erred in the foregoing finding of fact and judgment of the law cannot be sustained. To render the doctrine of *res judicata* applicable in a given case, or to constitute a good plea of *res judicata,* the

following elements must be apparent: First, the parties or their privies must be the same; second, the subject-matter of the action must be the same; third, the issues must be the same, and must relate to the same subject-matter; fourth, the capacities of the persons must be the same in reference to the subject-matter and to the issues between them. See Bouvier's Law Dictionary; *Atchison, T. & S. F. Ry. Co. v. Com'rs of Jefferson Co.,* 12 Kan. 127, 135; *Pennebaker v. Parker,* 33 Pa. Super. Ct. 458, 461; *Turner v. Williams,* 17 S. D. 548, 97 N. W. 842; *Benz v. Hines & Tarr,* 3 Kan. 397, 89 Am. Dec. 594; Freeman on Judgments, 252; *Brady v. Pryor,* 69 Ga. 691. In substance, the foregoing elements are universally recognized by the courts and textwriters, and the authorities are in equal harmony that, where these elements do appear, a plea of *res judicata* is good. These elements clearly appear in defendant in error's cross-action against the plaintiff.

The gravamen of the first action and of this action was the question whether Alfrey or Colbert had title to the land in question. The land was the same, the parties were the same, and the issues related to the identical subject-matter, and the relation of the parties to the subject-matter and to the issues involved, are the same in the case at bar that they were in the case decided in the United States Circuit Court of Appeals. It is contended in effect, however, by plaintiff in error, that this action is upon a later deed, one obtained during the pendency of the other action, and that such later deed was not in issue in the other action. This contention cannot be sustained, for the reasons that, aside from the fact that Colbert had been adjudged incompetent in the former decision, and that subsequent to such decision a guardian of his property had been appointed, the alleged later deed was in Alfrey's possession at the time the question of title between him and Colbert was adjudicated by the United States court, and he failed to set up such deed in his answer or to offer same in evidence at the former trial.

"The rule is well settled that a judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein. This rule is applied both in law and in equity." 24 Am. & Eng. Enc. of L. (2d Ed.) 781, citing a long list of decisions from England, United States Supreme Court, and from the Supreme Courts of most of the states.

It is contended, however, by plaintiff in error, that the deed upon which this suit was based was not in issue in the former trial, and was not adjudicated in the former judgment, and that deeds obtained *pendente lite* are not barred by a former decree of title to the same tract of land. This contention may be taken as true as to deeds obtained *pendente lite* by a stranger to the former action, or from a stranger to the former action, and, in fact, there might be circumstances under which a deed from and to the same parties, when conveying the same land, might not be barred by a former adjudication between the same parties over the same land. But such exception to the general rule is not applicable to the facts in the case at bar. In the former case the lower court decreed the cancellation of the two deeds from Colbert to Alfrey, the first one because of Colbert's minority at the time of its execution, and the second one because he was mentally incompetent; but it decreed that Alfrey should reconvey the land to Colbert, and that Colbert should pay back to Alfrey the sum of $550, which the testimony showed Alfrey had paid to him, and also held that Colbert was mentally incompetent to manage his own property, and should have a curator appointed to manage same for him, and enjoined Alfrey from selling same or any part thereof to any other person. The United States Circuit Court of Appeals for the Eighth Circuit modified this judgment to the extent that Colbert be not required to pay back to Alfrey the money received from him, and in all other things affirmed the judgment of the lower court. Thus it is seen that in the former case the suit was between the same parties, over the same land,

and as to the last of the former deeds, the one obtained after the majority of the grantor Colbert, upon the ground that Colbert was mentally incompetent to manage his own affairs.    In the case at bar the same land is involved, the controversy is between the same parties, and the same state of *non compos mentis* still ex-. isting, Colbert, in the meantime, having been adjudged mentally incompetent, and a guardian appointed to take charge of his estate, which guardian had, by order of the county court, contracted a sale of the land in question for $3,800; whereas the deed upon which this action is based, and by reason of which Alfrey sought to enjoin the guardian's sale, shows a consideration of $500.    Under this state of facts, the case does not come within any of the exceptions to the above general rule as to what constitutes a good plea of *res judicata,* nor does it come within any of the exceptions to the rule announced in 24 Am. & Eng. Enc. of Law, *supra.*

It is also contended that the court erred in holding, as a matter of law, that the identity of the two causes of action was sufficient to constitute a good plea of *res judicata.*    With this contention we cannot agree.    The question was easily determinable from an inspection of the record.    The rule is:

"When a former judgment is set up as a bar or estoppel, the question whether there is such an identity of the parties and of the subject-matter or cause of action as will support the plea of *res judicata* is a question of law for the court when it is determinable from an inspection of the record.    *   *   *" (23 Cyc. 1543.)

Therefore the court was not in error in holding, as a matter of law, that there was sufficient identity of the causes of action to support the plea of *res judicata.*

We find no reason for reversing the judgment, and, adhering to the conclusions reached in the former opinion, with the modifications herein, the former opinion is withdrawn, this one filed in its stead, and the judgment of the trial court affirmed.

By the Court: It is so ordered.