## PRINCE v. GOSNELL.

No. 5901.    Opinion Filed June 8, 1915.

(149 Pac. 1162.)

1.    **JUDGMENT—Res Judicata—Matters Affected.** In an action in ejectment, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether same was pleaded or not.

2.    **SAME—Failure to Plead Facts—Effect.** In the absence of exceptional facts excusing a failure so to do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action.

3.    **PLEADING—Supplemental Pleading—Terms.** By section 4795, Rev. Laws 1910, a party may, upon such terms as to costs as the court may prescribe, file a supplemental petition, answer, or reply, alleging facts material to the case occurring after the former petition, answer, or reply was filed.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*

*Frank Mathews, Judge.*

Action by R. L. Gosnell against J. E. Prince. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 19 Okla. 175, 92 Pac. 164; 36 Okla. 445, 129 Pac. 27.

*J. A. Fain, W. D. Berry,* and *Mounts & Davis,* for plaintiff in error.

*McElhoes, Ferris & Rhinefort* and *Ahern & Searcy,* for defendant in error.

HARDY, J. Defendant in error, plaintiff below, R. L. Gosnell, brought ejectment against J. E. Prince, on October 25, 1907, for a certain lot in the town of Frederick, and on November 10, 1909, amended answer was filed in said suit, and thereafter a reply and rejoinder were filed. On January 12, 1913, trial was commenced, and after the introduction of testimony the court directed a verdict for the plaintiff for possession of the lot, and submitted to the jury the question of damages for detention of the possession thereof. In his amended answer defendant alleged that the plaintiff, through an agent, made and delivered to the Frederick Townsite Company a bond for deed to the lot in question, and that the townsite company, with the knowledge and consent of the plaintiff, sold said lot to the defendant, and that therefore plaintiff was estopped from setting up any right or title to said lot. In his amended reply plaintiff alleged that on March 27, 1902, defendant filed his petition in the district court of Comanche county against the plaintiff, seeking to have a constructive trust established against said lot, and that plaintiff be decreed a trustee for the use and benefit of said defendant, and in said petition alleging in detail the facts upon which he based his right of recovery. On September 13, 1905, a demurrer was sustained to the petition in that cause, and defendant herein, plaintiff in that case, electing to stand upon his petition, judgment was rendered in favor of defendant thereon, and the case appealed to the Supreme Court, where the judgment was affirmed. 19 Okla. 175, 92 Pac. 164. Thereafter Gosnell brought suit to recover possession of the lot, and evidence of the matter relied upon herein was offered in that suit. At the trial of the case the court permitted evidence to go to the jury of certain contracts and agreements held to be void

on the former appeal, and the judgment was reversed because of the admission of this evidence.  *Gosnell v. Prince,* 36 Okla. 445, 129 Pac. 27.

In the case at bar it was claimed in the trial court that the plaintiff in error was entitled to prevail by reason of an agreement alleged to have been entered into by defendant in error with the Frederick Townsite Company, a corporation, in the early part of the year 1903, by which he agreed to convey to the townsite company certain lands, including the lot in controversy, in consideration of $5,000 stock in the townsite company being issued to him, and a quitclaim deed, dated July 15, 1908, from the townsite company.  It is insisted that the judgment of September 13, 1905, is not *res judicata* as to the rights of the parties herein, although the matters relied upon at this time accrued in the early part of the year 1903, being more than two years prior to the date of the judgment.  In the former opinion (36 Okla. 445, 129 Pac. 27) it is said:

"It may well be doubted whether the facts pleaded constituted a defense to the action, because they were all in existence and within defendant's knowledge at the time he brought the suit to quiet the title to the land.  *Farmers' State Bank v. Stephenson,* 23 Okla. 695, 102 Pac. 992; *El Reno v. Cleveland Trinidad Pav. Co.,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650.  It seems to be a case for the application of the maxim, *'Nemo debet bis vexari pro una et eadem causa.'*"

It is contended that this statement in the opinion is *dictum,* and therefore is not binding at this time.  The evidence on the trial herein shows that the matters relied upon occurred long prior to the judgment of September 13, 1905, and that plaintiff in error at all times had claimed to be the equitable owner of the lot; and plaintiff in error could have amended his petition in the former action and alleged the facts upon which he now relies.  Sec. 4795, Rev. Laws 1910, provides:

"Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

Plaintiff had the right to file supplemental petition, bringing upon the record any facts that had transpired subsequent to the filing of the petition and up to the date of the order sustaining the demurrer. The purpose of this statute, as we understand it, is to permit parties to avail themselves of any fact or matter that would have a bearing upon the litigation, so that the entire controversy may be settled in one lawsuit, and thereby obviate the necessity of trying a case by piecemeal. This court is committed to the doctrine that a judgment, when once rendered in a case, is conclusive as to every matter that might have been pleaded or given in evidence, whether same was in fact pleaded or not.

In *Pratt v. Ratliff, Sheriff*, 10 Okla. 168, 61 Pac. 523, it is said:

"A judgment is a bar, if the cause of action be the same, though the form be different. The cause is the same when the same evidence will support both actions; or rather the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former. When a matter has once passed to final judgment without fraud or collusion in a court of competent jurisdiction, it has become *res judicata*, and the same matter between the same parties cannot be reopened or subsequently considered."

See *Farmers' State Bank v. Stephenson*, 23 Okla. 695, 102 Pac. 992.

If in fact there had been any such agreement as alleged by plaintiff in error between defendant in error and the townsite company, this agreement was entered into in 1903, while the judgment was not rendered until Septem-

ber 13, 1905. In *Engle v. Legg,* 39 Okla. 475, 135 Pac. 1058, it is said:

"Judgment in a former action, involving the same subject-matter, is conclusive, not only as to defenses which were permitted in such action, but also as to all defenses which might have been but were not presented."

Again, in *Tel. & Tel. Co. v. State,* 40 Okla. 418, 138 Pac. 1033, it is said:

"A regular judgment, whilst it remains in force, is conclusive as to every matter that might have been given in evidence or pleaded to the action in which it was rendered, except matters growing out of separate and independent causes of action which might have been pleaded in offset."

See *McDuffie v. Geiser Mfg. Co. et al.,* 41 Okla. 488, 138 Pac. 1029.

Counsel say, however, that the former judgment in the litigation between these parties is not conclusive herein, for the reason that the townsite company was not a party to any of the litigation, and therefore its title to the lot in question has never been adjudicated. It is true that the townsite company has not been a party upon the record in any of this protracted litigation, but in both instances it was necessary for the plaintiff in error, in asserting his title, to deraign same from the townsite company, and in each instance in passing upon his rights the court necessarily considered the rights, if any, acquired by the townsite company, before it could determine the rights of the plaintiff in error, and in the suit which resulted in judgment against the plaintiff in error on September 13, 1905, which was two years after the happening of the matters now relied upon, plaintiff in error evidently was in possession of all of the facts then which he now alleges, except as to the quitclaim deed, and it was his duty in that action to allege these facts, and it will not be denied that he might have done so, and that same

would have been relevant in passing upon the question of his title, and had these facts developed after the filing of the petition in that case, under the section of the statute above quoted, he might have brought them upon the record by a supplemental petition and submitted the same to the court for its consideration. In 1905 his right to recover, if any, depended upon the rights acquired by the townsite company, and whatever right the townsite company acquired to the lot in controversy was acquired by the transaction of 1903, and was a matter which should have been pleaded in the former action between these parties over the lot. It seems that here is a case, as said by Commissioner Rosser in the former opinion (36 Okla. 445, 129 Pac. 27), for the application of the maxim, *"Nemo debet bis vexari pro una et eadem causa."* Certainly there ought to be an end to this protracted litigation. Having brought his action upon one theory, and based his right of recovery upon the facts then presented to the court, and lost, plaintiff in error ought not to be permitted at this time to rely upon facts then within his knowledge, and which might have been properly pleaded in that case, but which he failed and neglected to do. In *St. L. & S. F. R. Co. v. Hardy,* 45 Okla. 423, 146 Pac. 38, it is said:

"In the absence of exceptional facts, it is the duty of the parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials, after appeal to and decision by this court."

If the rule were otherwise, and we should affirm the judgment appealed from in this case, subsequent litigation could be started upon a different ground, and there would never be any finality as to the controversy between these parties. It is not the policy of the law to tolerate this course of conduct, but rather to require the parties to litigate all matters relevant to the issue at one and the same time. The matters urged in the present case being within

the knowledge of the plaintiff in error at the time of the former judgment, and being matters which he might have properly pleaded therein and which he failed to do, we think that the judgment in the former case under the authorities above quoted is conclusive as to all of the matters therein litigated or which might have been pleaded or given in evidence in that action.

The judgment appealed from is, therefore, affirmed.

All the Justices concur.