## NORTON v. KELLEY.

No. 6618. Opinion Filed April 11, 1916.

(156 Pac. 1164.)

1. **JUDGMENT—Conclusiveness—Issues.** A former judgment of a court of competent jurisdiction in a case between the same parties, involving the same subject-matter, is final and conclusive, not only as to all matters litigated in the former case, but as to every matter which might have been pleaded or given in evidence, whether the same was pleaded or not.

2. **HOMESTEAD— Presumption — Alienation — Attack on Deed — Pleading and Proof.** The designation as a homestead in an Indian allotment creates no presumption that the same constitutes a homestead as defined by the Constitution and laws of this state, and in order to successfully attack a deed made by the wife in which the husband did not join, upon the ground that the land conveyed was their homestead, it must be pleaded and proved that the lands conveyed by the deed had been impressed with the homestead character as defined by the Constitution and laws of this state.

(Syllabus by Collier, C.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by Peggy Kelley against Sam Norton. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Fowler & Biggers,* for plaintiff in error.

*J. A. Baker,* for defendant in error.

Opinion by COLLIER, C.  This is an action brought by the defendant in error against the plaintiff in error to set aside and cancel a deed upon the land described in the petition.  Hereinafter the parties will be designated as they were in the trial court.

The defendant in his answer, among other defenses, pleads:

"That on the 1st day of February, 1912, in the case of Peggy Jackson v. Sam Norton, in the district court of Seminole county, Okla., the matter in controversy in this action was fully litigated and determined between said plaintiff and defendant, that a judgment in said 'cause was then and there rendered and entered of record in said cause, and that said judgment is conclusive in this action."

There was evidence tending to sustain the averment of plaintiff's petition, but from the view we entertain of the case, we do not see that any good can be accomplished by setting out or considering the same.  The uncontradicted documentary evidence, introduced without objection, shows this action is between the same parties and in regard to the same subject-matter, and seeks the same relief sought in said former action, in which judgment was rendered on the 1st day of February, 1912; that the judgment was rendered for the defendant in said cause, and that said judgment was not appealed and has become final.

In the first of said trials the learned judge, in his finding of facts, found:

"That the question of adequacy of consideration is not an issue in this case, and the question of overreaching is not an issue in this case."

The court made findings of facts and conclusions of law, to which the defendant duly excepted.  The court

rendered judgment for the plaintiff, to which the de-fendant duly excepted, timely moved for a new trial, which was overruled and exception saved, and this appeal perfected.     To reverse said judgment this appeal was prosecuted.

The insistence of the defendant in error that in the original case the court "expressly reserved the question of inadequacy of consideration and overreaching" is not sup-ported by the record; the only basis for such contention being a statement of the erroneous findings of the court as to what issues were involved in said original cause. The court's finding that "the question of adequacy of consideration is not an issue in this case and the question of overreaching is not a question in this case" is certainly not a reservation of said issues properly involved in the case.

In the original case, a transcript of which was offered in evidence, it was found by the court that:

"Peggy Kelley understood at the time she executed the instrument that it was a deed to the land in question, and that the dissatisfaction arose afterwards upon the advice of some other person."

There is no question but that the subject-matter of the original suit was the title to the land involved therein, and consequently the inadequacy of price and overreaching were issues in the case, and the fact that the judge found that they were not, in no wise lessened the binding force of the judgment rendered in the former adjudication be-tween the parties in the instant case.

In *Kingfisher Implement Co. v. Tally*, 51 Okla. 226, 151 Pac. 873, Brewer, C., speaking for this court, says:

"* * * A former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether the same was pleaded or not."

"A judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein." *(Alfrey v. Colbert,* 44 Okla. 246, 144 Pac. 179.)

"In the absence of exceptional facts excusing a failure so to do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action." *(Prince v. Gosnell,* 47 Okla. 570, 149 Pac. 1162; *Farmers' Bank v. Stephenson,* 23 Okla. 695, 102 Pac. 992; *Engle v. Legg,* 39 Okla. 475, 135 Pac. 1058; *Tel. & Tel. Co. v. State,* 40 Okla. 417, 138 Pac. 1033.)

"Having brought his action upon one theory and based his right of recovery upon the facts then presented to the court, and lost, plaintiff in error ought not to be permitted at this time to rely upon facts then within his knowledge, and which might have been properly pleaded in this case, but which he failed and neglected to do." *(Prince v. Gosnell,* 47 Okla. 570, 149 Pac. 1162.)

"That the lands were designated as a homestead in an allotment deed created no presumption that they constituted a homestead within Williams' Const. art. 12, secs. 1 and 2, defining the homestead and exempting the same; the word 'homestead' as used in the laws of the United States in referring to Indian allotments not having the same meaning as when it is used in the Constitution and

57—8

statutes of the state." *Hyde et al. v. Ishmael et al.,* 42 Okla. 279, 143 Pac. 1044.

It being neither pleaded nor shown by the evidence that the land in question had ever been impressed with the homestead character, the signature of the husband was not necessary to give validity to the deed made by the wife, and this contention of the defendant in error is not only involved in the instant cause, but is without force.

The question of whether or not great wrong has been done the defendant in error and the defendant in error robbed of her land, as insisted in brief of defendant in error to be the case, and the attack upon the probity of the witnesses of plaintiff in error, cannot be considered by this court, as this court is utterly powerless to correct such wrong, if the same exists. Every issue involving the title to the land was considered or could have been considered in the said original action, and if there is a miscarriage of justice in this case it is due to the failure of the attorney in the original action to properly plead, and support by proper proof, the said claim of overreaching and inadequacy of price.

The case should be reversed and remanded, with instructions to set aside the judgment rendered, and render judgment for the plaintiff in error.

By the Court:  It is so ordered.