## STAPLES v. JENKINS et al.

No. 26961.    Nov. 10, 1936.

M. W. Hinch and D. H. Cotten, for plaintiff in error.

Jesse L. Ballard and Richard L. Wheatley, for defendant in error.

PER CURIAM. J. H. L. Staples, the plaintiff below, filed this action for the purpose of vacating a certain judgment which was rendered against himself and others on May 14, 1932, in the district court of Craig county, Okla., in case No. 5371 of that court, in which the First National Bank of Bluejacket, Okla., was the plaintiff and Staples et al. were defendants.

The judgment in case No. 5371 was entered upon a supersedeas bond given in case No. 4743, in the district court of Craig county, Okla., in which G. W. Fincannon et al. were plaintiffs and the First National Bank of Bluejacket, Okla., et al. were defendants.

It appears that the judgment rendered in cause No. 4743, and stayed by the supersedeas bond, was affirmed on the 8th day of May, 1928, by this court, and rehearing was denied on November 13, 1928. Fincannon et al. v. First National Bank of Bluejacket, 133 Okla. 123, 271 P. 641.

Thereafter, on March 29, 1929, the First National Bank of Bluejacket instituted the action above referred to on the supersedeas bond, the action being against the principal obligors and the sureties. It appears from the record that upon the filing of said suit, summons was regularly issued and served upon the defendants therein, including J. H. L. Staples. The defendants, including Staples, later appeared in the cause by motion to require the plaintiff to make its petition more specific, which being overruled, defendants demurred, and upon the demurrer being overruled they filed a motion to dismiss, and upon the overruling of the motion they and each of them, including the plaintiff in error, filed their answer. Upon the issues being thus joined, the record shows a jury was waived and the cause was tried before the court and resulted in a judgment for the plaintiff, and against all of the defendants except some who had died and against whom the action had abated. The judgment against the other defendants, including Staples, was for $8,838.50, with interest and costs. Thereafter the defendants, including Staples, filed their motion for a new trial, which was overruled, no appeal was taken from this judgment, and the same became final.

After an execution was issued, a levy made upon the property of Staples, a sale of the property, a return of the sale, and an order confirming the sale, and on November 20, 1934, Staples filed this action and also filed a motion in case No. 5371, in which judgment was rendered on the supersedeas bond, to have said court vacate this judgment. Upon the petition and motion to vacate being filed, a response was filed thereto and the matter was presented to the court upon the defendants' motion for judgment on the pleadings, the causes wherein the plaintiff filed his petition to vacate and motion to vacate having been by agreement consolidated.

The plaintiff, by his petition and motion, attacked the judgment on the supersedeas bond upon various grounds, among them being that at the time of the rendition of the judgment, the First National Bank of Bluejacket was a dissolved corporation, and that by reason thereof the court was without jurisdiction to render the judgment; that the Bluejacket State Bank, against which the original judgment had been rendered and for which the supersedeas bond had been given, was also a dissolved corporation at the time the judgment was rendered, because the period of its existence had expired, and that the judgment had not been revived: that the trial court in the original case had modified its judgment after the term; that Staples had limited his liability in the supersedeas bond to the sum of $4,743.20; that a general judgment was rendered in the action on the supersedeas bond against the principal and the sureties without making Staples secondarily liable thereon. For the further reason that at the time Staples signed the supersedeas bond for the Bluejacket State Bank, principal obligor, such corporation was solvent and continued solvent and fully able to pay off and discharge all of its obligations until its dissolution, and that the plaintiff voluntarily released said bank from its obligation; that had it not done so, said bank would have paid said judgment; further, that the original judgment on which the supersedeas bond was given was rendered on the 23rd day of June, 1926; that the same became dormant on the 1st day of January, 1928, at the time of the dissolution of the judgment debtor, Bluejacket State Bank; that it continued dormant without being revived until the expiration of five years from the date of the rendition thereof; that at the time suit was filed on the supersedeas bond, more than one year had expired from and after the time when said judgment could have been first revived.

The defendants in their answer to the petition and motion filed by Staples to vacate and set aside the judgment in cause No. 5371, denied generally and specifically all of the allegations contained in the petition and in the motion, and alleged that the said Staples was active in the defense of the action; that he appeared in person and by attorney; that he filed pleadings. all of which are referred to and set out as exhibits to the answer; that after judgment he filed a motion for a new trial. The answer then states:

"That thereafter said motion for a new trial was by the court heard and overruled and the time has now long since expired for

an appeal in said cause and said judgment rendered on the 14th day of May, 1932, has long since become final; and defendants and each of them further allege and say that the issues raised by the petitioner, J. H. L. Staples, in his petition and his motion to vacate said judgment rendered on the 14th day of May, 1932, were raised by the pleadings in the trial of this cause by the petitioner, J. H. L. Staples, defendant therein, and if not raised they could have or should have been raised and said matters are now res judicata."

It is also alleged in the answer that the said Staples subsequently was adjudicated a bankrupt, and that in the bankruptcy proceedings he scheduled this judgment as a valid claim and liability. However, we think the case may properly be disposed of without a further consideration of this fact.

Under this state of the record, the First National Bank of Bluejacket, through its attorneys, filed a motion for judgment on the pleadings and the trial court sustained the motion and entered judgment accordingly for the defendants. From this judgment the plaintiff appealed and the case is now properly before this court for final determination.

The record in case No. 5371, wherein the First National Bank of Bluejacket, as plaintiff, sued the principal and sureties on the supersedeas bond, shows that Staples was legally served with summons; that he appeared in the case both in person and by the same counsel who represented him in the present action; that he filed pleadings therein, including an answer; that judgment was rendered by the trial court on the supersedeas bond therein sued upon against Staples; that Staples filed a motion for a new trial which was by the trial court overruled, but he failed to perfect an appeal from said judgment and the same became final more than two years before the institution of the present action.

The record shows conclusively: First, that the trial court had jurisdiction over the person of Staples; second, jurisdiction over the subject-matter; and, third, judicial power and jurisdiction to render the particular judgment. Therefore, it appears that said judgment is valid and the same is conclusive as between the plaintiff and the defendants.

The rule is well settled that where a right, a question, or a fact is put in issue and determined by a court of competent jurisdiction in a former suit between the same parties or their privies, the former adjudication is binding on the parties and their privies in a subsequent suit irrespective of whether or not the causes of action are the same.

Cressler v. Brown, 79 Okla. 170, 192 P. 417; Woodworth v. Town of Hennessey, 32 Okla. 267, 122 P. 224; Hare Mining & Milling Co. v. Keys, 120 Okla. 217, 251 P. 77.

In the case of Baker v. Leavitt, 54 Okla. 70, 153 P. 1099, this court has stated the rule as follows:

"The rule is well settled in this state that a final judgment of a court of competent jurisdiction is conclusive between the parties, and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein. City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163, 27 L. R. A. (N. S.) 650; Woodworth, County Clerk, v. Town of Hennessey, 32 Okla. 267, 122 P. 224; Markham v. Dugger, 34 Okla. 492, 126 P. 190; Gosnell v. Prince, 36 Okla. 445, 129 P. 27; Engle v. Legg, 39 Okla. 475, 135 P. 1058; Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 P. 1033; Wiley v. Edmondson, 43 Okla. 1, 133 P. 38; Alfrey v. Colbert, 44 Okla. 246, 144 P. 179; Bowen v. Carter, 42 Okla. 565, 144 P. 170; Prince v. Gosnell, 47 Okla. 570, 149 P. 1162; Earl v. Earl, 48 Okla. 442, 149 P. 1179; Corrugated Culvert Co. v. Simpson Township, 51 Okla. 178, 151 P. 854; Parks v. Haynes, 52 Okla. 63, 152 P. 400."

In the case at bar as a matter of fact, practically all of the objections that are set out in the plaintiff's petition and motion were set out and relied upon in his answer in the case where judgment was rendered upon the supersedeas bond, and those questions and objections that were not actually raised therein could or might have been raised, litigated, and determined. We therefore hold that the plaintiff at this late date is precluded from again litigating and putting in issue these same questions. There must be some end to litigation. As stated in the case of Woodworth v. Town of Hennessey, supra:

"This doctrine is supported by so many authorities that it is almost unnecessary to cite others than those heretofore given. 'A judgment is conclusive of all matters actually litigated, and as to all matters that might have been litigated under the pleadings have been litigated.' * * * In Aurora City v. West, 7 Wall. 82, 19 L. Ed. 42, it was said by the Supreme Court of the United States: 'The doctrine of estoppel by a former judgment between the same parties is one of the most beneficial principles of our jurisprudence, and has been less affected by legislation than almost any other.' In Gray v. Pingny, 17 Vt. 419, 44 Am. Dec. 345, it is said: 'There must be some end to litigation, and much more injustice

might be done in reviewing forgotten issues, than in limiting the right to prosecute.' While in Van Rensselaer v. Kearney, 11 How. 297, 13 L. Ed. 703, the Supreme Court of the United States said: 'The doctrine of res judicata is conducive of peace, repose, and morality, and that without working any injustice.' The Supreme Court of New Hampshire, in the case of Hollister v. Abbott, 31 N. H. 442, 64 Am. Dec. 342, said: 'It is a well-established principle that the judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court, until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet, as between the parties, the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court."

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. R. Swank, J. M. Springer, and Ernest F. Jenkins in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Swank and approved by Mr. Springer and Mr. Jenkins, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and RILEY, BAYLESS, and BUSBY, JJ., absent.